Weygandt, C. J.
 

 The first question requiring consideration is the contention of the trustee, that neither of the lower courts had jurisdiction over either himself or the realty involved.
 

 A study of the record clearly discloses that the trustee is in error in both phases of this claim. In both courts he waived the question of jurisdiction over his person. While it is true that nearly five months after the trial in the Court of Common Pleas he filed an answer to the cross-petition of the defendant, Hazel Bussell, thereby objecting to the jurisdiction of that court to adjudicate the matter of dower, he had previously submitted his person to the jurisdiction of that court by filing an answer in which he affirmatively asked the court to protect his rights and interests as trustee. Furthermore, in that court he filed an election to take the realty at the value at which it was first appraised. Then in the Court of Appeals in response to specific interrogation he expressly said he was not raising any question as to jurisdiction.
 

 His position with reference to the question of jurisdiction over the subject-matter is equally untenable. This is of course a question that ordinarily cannot be waived and therefore can be raised at any time in any court. That the Court of Common Pleas has plenary jurisdiction in actions for the partition of realty is beyond cavil. Section 12028, General Code. But the trustee points out that in this controversy the bank
 
 *156
 
 ruptcy court was the first to assume jurisdiction over the realty and even issued an order of sale before this action was instituted in the Court of Common Pleas. This is true, but it is merely part of the story. The additional and controlling fact is that shortly after the plaintiff filed her petition in the Court of Common Pleas the bankruptcy court upon the application of the trustee himself duly entered the following order:
 

 “It is ordered that the order of sale heretofore issued by this court in so far as it pertains to the foregoing described real estate be, and the same is hereby rescinded and the trustee is hereby ordered to accept his proportionate share of the proceeds received from the sale of said real estate in the partition proceedings described in the trustee’s application heretofore filed herein.
 

 “It is further ordered that said trustee be relieved from any further duties pertaining to said real estate and that he hold said proceeds in his possession to await the further order of the court.”
 

 The trustee now attempts to minimize the effect of this language, but it is inescapably unambiguous and comprehensive, and his conduct has been inconsistent ■with his contention, inasmuch as he filed two answers in the Court of Common Pleas, has participated actively in the entire prosecution of this action, and has accepted the benefit of the decree by asking to share in the proceeds of the sale.
 

 The next question requiring the consideration of this court is the extent of -the interest conveyed by the deed of Byron Bussell and his wife to the plaintiff. Naturally the answer to this must be sought in the language of the instrument itself. It conveys “all the estate, title and interest of the said Byron Bussell and Bose Bussell either in law or in equity, of, in and to the said premises, together with all the privileges and appurtenances to the same belonging, and all the rents, issues, and profits thereof.” Did Byron Bussell
 
 *157
 
 thereby reserve or convey his right to contribution for the permanent and necessary improvements he had made on the realty? The broad, all-inclusive language, ‘ ‘ all the estate, title and interest * * * either in law or in equity,” would seem to be decisive of the question. That the grantor himself so thought is indicated by the significant fact that he appeared in court and testified as a witness for the plaintiff. But the trustee insists that a cotenant’s right to contribution for necessary improvements made on realty does not constitute such an equitable interest as to be transferable except by a specific provision with reference thereto. There are at least two difficulties with this contention. In the first place it is a fundamental rule that a deed is construed most strongly against the grantor and in favor of the grantee. Secondly, an action for partition is essentially equitable in its nature, and consequently when it is shown that necessary improvements have been made by a cotenant, a decree should not be rendered without a fair and reasonable allowance therefor. This is a right conferred by equity upon a co-tenant as such, and constitutes a substantial interest in the realty. This grantor expressly conveyed “all the estate, title and interest
 
 *
 
 *
 
 *
 
 either in law or in equity. ’ ’ Since he did convey
 
 all
 
 his interest in equity, it is not for a court of equity to interfere by holding that some equitable interest was reserved and not in fact conveyed — especially when both the grantor and the grantee are in agreement about the matter. A study of the two cases relied upon by the Court of Appeals discloses that the deeds there involved contain no language relating to equitable interest. Furthermore it hardly would be consistent with the principles of equity to permit this trustee to obtain the direct benefit of these necessary improvements and yet escape all responsibility as to the cost thereof. In this respect the Court of Common Pleas was correct and the Court of Appeals was in error.
 

 
 *158
 
 The final question requiring determination is that involving the claim of the defendant, Hazel Russell, for an allowance in lieu of her inchoate right of dower in her bankrupt husband’s undivided one-half interest in the realty.
 

 The trustee concedes that the wife had an inchoate right of dower in her husband’s interest in the realty, but he insists that she is not a necessary party to this action and that therefore she has no right to an adjudication of her claim at this time. He relies upon the decision of this court in the case of
 
 Weaver
 
 v.
 
 Gregg,
 
 6 Ohio St., 547, 67 Am. Dec., 355, in which it was held merely that a cotenant’s wife is not a
 
 necessary
 
 party to such an action. However, this is not decisive of the instant question which is whether Hazel Russell is a
 
 proper
 
 party. In its opinion the Court of Appeals relied upon the following statement appearing in 30 Ohio Jurisprudence, 931, Section 114:
 

 “Nevertheless an inchoate right of dower in an undivided interest is replaced by a right to dower in the proceeds as against the creditors of the consort, or as against a trustee for such creditors.”
 

 In 47 Corpus Juris, 485, Section 536-, it is stated that “the owner of such right being made a party, the court may protect that right in its decree.” Likewise the Supreme Court of North Carolina in the case of
 
 Barber
 
 v.
 
 Barber,
 
 195 N. C., 711, 143 S. E., 469, held the wife a proper party in order to protect her inchoate right of dower. This rule is manifestly equitable, and both of the lower courts were correct in following it in this ease.
 

 The decree of the Court of Appeals is reversed in part and final judgment is here entered in conformity with that rendered by the Court of Common Pleas.
 

 Judgment accordingly.
 

 Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.