DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Stephen Surina, Jr., appeals from the Pickaway County Common Pleas Court's decision granting a default judgment to Appellee, Edward Redmon. Appellant contends the trial court erred by not complying with the Ohio Revised Code partition statutes when it ordered a sale of the property in question. We agree. Since the court did not follow the statutory requirements in R.C. Chapter 5307 relative to partition proceedings, we sustain Appellant's first assignment of error.
 {¶ 2} In March 2003, Appellee filed an action for partition of real property. In September 2003, after six months, service was perfected on Appellant. In his complaint, Appellee alleged that he and Appellant were "holders in common" of certain property located in Pickaway County, Ohio. Appellant failed to file a responsive pleading and the court entered a default judgment on December 31, 2003 stating: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff, Edward P. Redmon, is granted Default Judgment against the Defendant for the real property to be partitioned with seventy-five percent [75%] of the proceeds going to Plaintiff, Edward P. Redmon and the remaining twenty-five percent [25%] of the proceeds going to the Defendant, Stephen M. Surina, Jr."
 {¶ 3} From that judgment Appellant asserts the following assignments of error:
 {¶ 4} I. "The trial court's order of december 31, 2003, is contrary to law and therefore void."
 {¶ 5} II. "The trial court erred and abused its discretion by failing to hold an evidentiary hearing before issuing its order."
 {¶ 6} III. "The trial court erred and abused its discretion in ordering that the plaintiff was entitled to seventy-five percent of the proceeds of sale of the subject property."
 {¶ 7} In his first assignment of error, Appellant contends the court erred by not following the partition statutes found in R.C. 5307.01 —5307.25. Specifically, Appellant argues the court was required to follow the mandates of R.C. 5307.04, 5307.06 and 5307.09 when ordering partition of the property.
 {¶ 8} Because Appellant failed to plead or otherwise defend against Appellee's claim, he failed to comply with the Civil Rules and was subject to a default judgment.[1] However, Appellant does not appeal the issuing of the default judgment but only the order from the default judgment.
 {¶ 9} A default judgment is a procedural device and is properly subject to court rule. On the other hand, the provisions in R.C. Chapter 5307 are substantive and concern matters that are a "body of law which creates, defines and regulates the rights of the parties." Krause v.State (1972), 31 Ohio St.2d 132, 145, 60 O.O.2d 100, 285 N.E.2d 736. "The word substantive refers to common law, statutory and constitutionally recognized rights." Id. Since the provisions in R.C. Chapter 5307 are substantive they are to be given full force and effect. Because R.C. Chapter 5307 creates, defines and regulates rights, they must still be followed even in the situation where a default judgment has been granted due to Appellant's failure to plead or defend against Appellee's claim.
 {¶ 10} In the case sub judice, the trial court did not make a division of the property in accordance with the statute. The court ordered the real property partitioned with seventy-five percent of the proceeds going to Appellee and the remaining twenty-five percent of the proceeds going to Appellant.
 {¶ 11} R.C. 5307.01 provides that "[t]enants in common, survivorship tenants, and coparceners, of any estate in lands * * * may be compelled to make or suffer partition thereof * * *."
 {¶ 12} R.C. 5307.04 further provides "[i]f the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitabledisinterested person to be the commissioner to make the partition, and issue a writ of partition. The court on its own motion may, and upon motion of a party or any other interested person shall appoint one or two additional suitable persons to be commissioners. * * *." (Emphasis added.)
 {¶ 13} A court has certain equitable powers when ordering the partition of property, however it is nonetheless controlled by statute. R.C. 5307.01. See Russell v. Russell (1940), 137 Ohio St. 153, 157, 17 O.O. 506, 28 N.E.2d 551; McCarthy v. Lippitt, 150 Ohio App.3d 367,2002-Ohio-6435, 781 N.E.2d 1023, at ¶ 22; Russell v. Peters (Nov. 1, 1990), Franklin App. No. 90AP-370, 1990 WL 167597. Undoubtedly, tenants-in-common have a right to seek partition of property that is jointly held, subject to certain restrictions. See, R.C. 5307.04; Russellv. Peters, Franklin App. No. 90AP-370, 1990 WL 167597. However, the record reflects that the court made a division of property without taking into account R.C. Chapter 5307 and specifically the mandates in R.C.5307.04. Subsequent to the court's finding that a plaintiff in an action for partition has a legal right to the estate and a right to partition, the court shall "appoint one suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition." R.C.5307.04. Further, "[t]he court on its own motion may, and upon motion of a party or any other interested person shall appoint one or two additional suitable persons to be commissioners. * * *." R.C. 5307.04.
 {¶ 14} Because the court did not follow the statutory requirements in R.C. Chapter 5307 relative to partition proceedings, we sustain Appellant's first assignment of error.
 {¶ 15} In light of our disposition of Appellant's first assignment of error, assignments of error two and three are deemed moot. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment Reversed and this Cause Remanded.
[1] The trial court granted default judgment pursuant to Civ.R.55(A). This rule provides in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application * * *."