OPINION
{¶ 1} Emily R. Ridder appeals from the trial court's July 26, 2007 entry sustaining a motion for a protective order filed by appellee Kenneth H. Weber. The trial court's protective order declared five interrogatories propounded by Ridder to be moot and relieved Weber of his obligation to respond.
 {¶ 2} The present dispute stems from a complaint for partition filed by Weber and three other plaintiffs who held interests in two tracts of land. Weber owned a life estate in the land and a fractional interest in the remainder. The other plaintiffs, Karen Blinn, Dale Weber, and Cheryl Snyder, also owned fractional interests in the remainder. The complaint named Ridder and numerous others as defendants, alleging that they too held interests in the remainder. On March 7, 2006, the trial court ordered partition of the land. Thereafter, on December 5, 2006, three appointed commissioners determined that the land could not be partitioned without manifest injury to its value. They appraised tract I, a 36.35 acre parcel, at $181,750 and tract II, a 105.54 acre parcel, at $369,390.
 {¶ 3} On January 31, 2007, Ridder filed an election to purchase tract II for its appraised value. On February 28, 2007, she filed a second election to purchase both tracts for their appraised value. That same day, Weber elected to purchase only tract II for its appraised value. Ridder subsequently moved for an order permitting her to purchase both tracts. She argued that her election was superior to Weber's because she wanted to purchase both tracts, whereas he only wanted one.
 {¶ 4} On April 19, 2007, the trial court overruled Ridder's motion, reasoning as follows:
 {¶ 5} "The election of Emily Ridder to purchase both Tracts I and II is OVERRULED. The parties stand as equals in relation to the right to take the property at its appraised value. There are two separate and distinct parcels of real estate, each has *Page 3 
been separately appraised and there is nothing to stop them from being sold separately. Any party or co-tenant of the property can elect to take either parcel at the appraised value.
 {¶ 6} "The Court recognizes that both Kenneth Weber and Emily Ridder have elected to take Tract II at its appraised value, therefore they both have a valid election and must be treated as equals, therefore, the Court ORDERS that Tract II shall be offered at public sale to the highest bidder." (Doc. #60).
 {¶ 7} On April 24, 2007, Ridder moved for reconsideration of the foregoing ruling, insisting again that her election should have priority over Weber's election and requesting a hearing concerning, inter alia, his financial ability to purchase tract II. On May 14, 2007, Ridder filed a notice of submission of interrogatories directed toward Weber. The trial court overruled the motion for reconsideration two days later. Thereafter, on June 22, 2007, Weber moved for a protective order, arguing that he should not be required to answer Ridder's interrogatories, which inquired about his personal finances and ability to purchase tract II.
 {¶ 8} On July 26, 2007, the trial court sustained Weber's motion for a protective order, reasoning:
 {¶ 9} "The motion of Plaintiff, Kenneth H. Weber, for a protective order pursuant to Rule 26(C) of the Ohio Rules of Civil Procedure is SUSTAINED. The interrogatories propounded by the Defendant, Emily Ridder, to Plaintiff, Kenneth H. Weber, are considered MOOT.
 {¶ 10} "The Court has ruled that a public sale be set for the real estate in April, 2007, that sale should proceed in the next sixty days. This case has been pending since *Page 4 
October 10, 2004, it is an overage case and needs to be brought to a conclusion in a timely manner."[1] (Doc. #67).
 {¶ 11} In her sole assignment of error, Ridder contends the trial court abused its discretion in granting a protective order. She argues that Weber's financial condition was relevant to an issue in the case, namely his ability to purchase tract II. She also asserts that there was nothing embarrassing or annoying about her inquiries. Finally, she maintains that Weber's counsel made no effort to resolve the dispute before seeking a protective order. For these reasons, Ridder insists that her interrogatories were proper under Civ. R. 26 and should have been answered.
 {¶ 12} Upon review, we find no abuse of discretion in the trial court's ruling. The proceedings below were governed by R.C. 5307.09, which provides:
 {¶ 13} "When the commissioners or commissioner are of the opinion that the estate cannot be divided according to the demand of the writ of partition without manifest injury to its value, the commissioner or commissioners shall return that fact to the court of common pleas with a just valuation of the estate. If the court approves the return and if one or more of the parties elects to take the estate at the appraised value, *Page 5 
it shall be adjudged to them upon their paying to the other parties their proportion of its appraised value * * * ."
 {¶ 14} The law is well settled that when two or more parties separately elect to take property at its appraised value, a public sale is required. Darling v. Darling (1911), 85 Ohio St. 27, 33. Although Ridder argued below that her election took precedence over Weber's because she wanted both tracts, she has not advanced that argument on appeal. Her only challenge to Weber's election is that he lacked the money to purchase tract II and that the trial court should have required him to answer interrogatories on the issue.
 {¶ 15} As set forth above, Weber filed his election to purchase tract II on February 28, 2007. The trial court did not order tract II to be sold at auction until April 19, 2007. If Ridder truly questioned Weber's financial ability to purchase tract II, she had seven weeks from the time of his election to the time of the trial court's order of sale to request a hearing and to propound interrogatories. Ridder did not even mention the issue of Weber's finances, however, until April 24, 2007 when she moved for reconsideration of the trial court's sale order. She did not file her notice of submission of interrogatories to Weber until May 14, 2007, two and one-half months after he had exercised his right of election and one month after the trial court had ordered tract II to be sold. Under these circumstances, we cannot say the trial court abused its discretion in granting a protective order. Regardless of whether the issue is properly characterized as one of mootness or untimeliness, the trial court reasonably concluded that the time for Ridder to dispute Weber's election had passed. Cf. Bishop v. Howe (June 29, 1987), Montgomery App. No. 10307 (recognizing that "[generally, the election time period *Page 6 
extends from the trial court's approval of the commissioners' return to the order of sale").
 {¶ 16} In Bishop, we noted that "the right to elect to purchase at appraised value * * * can only be exercised if the party has sufficient funds." Id. This suggests that an inquiry into the sufficiency of a party's funds might be appropriate under certain circumstances. But any inquiry into Weber's financial situation reasonably should have been commenced after his election and before the trial court's order of sale seven weeks later. Because Ridder did not file a notice of submission of interrogatories until approximately one month after the order of sale, we believe the trial court acted well within its discretion in granting a protective order and allowing the public sale to proceed.
 {¶ 17} We note too that Weber's motion for a protective order included a statement that his attorney had discussed the interrogatories with Ridder's counsel in an effort to resolve his objections. This statement in Weber's motion satisfied Civ. R. 26(C), which provides: "Before any person moves for a protective order under this rule, that person shall make a reasonable effort to resolve the matter through discussion with the attorney or unrepresented party seeking discovery. A motion for a protective order shall be accompanied by a statement reciting the effort made to resolve the matter in accordance with this paragraph."
 {¶ 18} On appeal, Ridder alleges non-compliance with Civ. R. 26(C) because Weber's counsel "failed to discuss the ability of his client to obtain the funds in which to fulfill his election * * *." But nothing in the rule requires an attorney, as a prerequisite to seeking a protective order, to divulge the very information that the protective order seeks to shield from disclosure. Weber's counsel was not required to discuss his client's ability to purchase tract II. He merely was required to try to resolve the matter through *Page 7 
discussion with Ridder's attorney. Weber's motion included a statement that such an effort had been made. In any event, Ridder forfeited her ability to challenge Weber's compliance with Civ. R. 26(C) by not raising the issue in her memorandum in opposition below. Grenga v. BankOne, Mahoning App. No. 04 MA 94, 2005-Ohio-4474, ¶ 27.
 {¶ 19} Based on the reasoning set forth above, we overrule Ridder's assignment of error and affirm the judgment of the Clark County Common Pleas Court.
GRADY, J., and DONOVAN, J., concur.
[1] We note, however, that the scheduled sale appears to have been held in abeyance pending this appeal. The trial court's docket does not reflect that the ordered sale has occurred. *Page 1