**[Cite as *Thrasher v. Watts*, 193 Ohio App.3d 569, 2011-Ohio-2844.]**

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

THRASHER,                               :

     Appellee,                          :    C.A. CASE NO.    2010 CA 62

v.                                      :    T.C. NO.    09CV397

WATTS,                                  :    (Civil appeal from
                                        Common Pleas Court)

     Appellant.                         :

. . . . . . . . . .

**O P I N I O N**

Rendered on the 10th day of June, 2011.

. . . . . . . . . .

Theresa A. Baker, for appellee.

Michael A. Mayer, for appellant.

. . . . . . . . . .

FROELICH, Judge.

{¶ 1} Dallas Watts appeals from a judgment of the Clark County Court of Common Pleas, which found in favor of Heidi Thrasher on her action for partition of the parties' residential property and in Watts's favor on Thrasher's claims for conversion of insurance proceeds and her personal property and on Watts's counterclaim for conversion. For the following reasons, the trial court's judgment regarding partition of the property is reversed, and the matter is remanded for further proceedings.

I

{¶ 2} In February 2008, during the course of their relationship, Watts and Thrasher purchased the home located at 8441 Haddix Road in Fairborn, Ohio, as joint tenants with right of survivorship. The purchase price for the home was $100,000. At closing, the parties made a down payment of approximately $40,000, obtained a mortgage from Countrywide Home Loans for the balance, and paid off certain personal bills. Thrasher provided the vast majority of the funds for the down payment.

{¶ 3} Between February and September, the parties made substantial renovations to the home, including creating a master bedroom and bathroom, renovating other bathrooms, installing tile, replacing doors and framing, repairing drywall, and painting. Thrasher paid for much of the materials for the renovations. A large portion of the work was done by Kevin Reynolds, a family friend who resided at the home in exchange for his labor. The parties and their families also contributed labor to the renovations. The trial court found that Watts, with some help from his father, "did a considerable amount of plumbing, bathroom remodeling, electric, and drywall, but he was essentially receiving free room and board in exchange for that labor."

{¶ 4} On September 14, 2008, the roof to the house was significantly damaged by a wind storm. Encompass Insurance issued two checks totaling $11,779 to Watts for repairs. Most of the proceeds were used to pay for household bills, for repairs to Thrasher's vehicle, and for materials so that the parties could repair the roof themselves.

{¶ 5} The parties' relationship deteriorated, and in November 2008, they obtained a civil protection order against the other. Watts and Thrasher informally agreed to move from the residence. On November 19, 2008, Thrasher went to the house

to retrieve her personal property. Thrasher took a substantial portion of the items in the house, and she acknowledged that she inadvertently took some of Watts's items.

{¶ 6} While the house was unoccupied, Watts began work on the roof, but he did not complete the repairs, and some of the materials were stolen. In addition, the house was vandalized on one or more occasions. On New Year's Eve, Reynolds and relatives of Thrasher repaired the roof "to the point where it was in good enough condition to get it through that winter."

{¶ 7} The house remained unoccupied until April 2009, when Thrasher moved back into the house. Since then, Thrasher has brought the mortgage payments current and has continued to pay the mortgage, partially with funds borrowed from her relatives.

{¶ 8} In late March 2009, Thrasher filed a complaint against Watts for partition and conversion. Thrasher alleged that Watts had wrongfully converted the insurance claim proceeds and items of her personal property. She sought the return of her personal items or damages for the value of that property, payment of the insurance proceeds so that she could repair the property, and an order "requiring that either said real estate be partitioned and plaintiff's interest be set off in severalty; or in the event that plaintiff's interest in said real estate may not be set off in severalty, that said real estate be sold and plaintiff be entitled to all the proceeds from the sale."

{¶ 9} Watts denied Thrasher's claims and brought a counterclaim for conversion of his own personal property. Watts's prayer for relief included a request for damages and for either partition of the property or that the property be sold and the equity divided.

{¶ 10} A bench trial was held on March 1, 2010. The trial court found that

Thrasher's equity in the home at the time of closing was $40,144.92. The trial court found that Watts's equity in the home at the time of trial equaled $839, representing $314 brought to the closing plus $525 for seven months of mortgage payments. The court rejected Watts's suggestion that the property be sold, the mortgage satisfied, and the proceeds be split between Thrasher and him. The court commented that such suggestion "ignores the fact that plaintiff has invested approximately $40,000 more into the real property than he has." The court concluded:

{¶ 11} "Accordingly, the Court finds in favor of plaintiff on her partition claim. There are only two possible remedies for plaintiff. Option one would be to sell the property, satisfy the mortgage, pay the defendant $839.00 for his equitable interest, and retain the remainder of the proceeds less realtor fees and other closing costs. Option two would be for the Court to grant her exclusive and unencumbered title to the real property conditioned upon her first paying defendant $839.00 for his equitable interest therein.

{¶ 12} "The Court will defer to plaintiff's discretion and allow her to exercise the option of her choice."

{¶ 13} The trial court entered judgment in favor of Watts on Thrasher's conversion claims regarding the insurance proceeds and her personal property. The court ordered each of the parties to return any property of the other that he or she might have.

{¶ 14} Watts appeals from the trial court's judgment, raising one assignment of error.

II

{¶ 15} Watts's assignment of error states:

{¶ 16} "The court failed to follow the statutes controlling partition actions found in Ohio Revised Code 5307 and instead made an improper equitable determination relative to the jointly owned real property."

{¶ 17} In his sole assignment of error, Watts claims that the trial court erred in failing to follow the statutory procedures for the partitioning of real property.

{¶ 18} Partition actions are governed by R.C. Chapter 5307.  Under that statute, a tenant in common, survivorship tenant, or coparcener (joint heir) may file a petition in the common pleas court seeking partition of real estate.  R.C. 5307.01; R.C. 5307.03.  "If the court of common pleas finds that the plaintiff *** has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition."  R.C. 5307.04.

{¶ 19} If partition is granted among survivorship tenants, as is the case here, the court must determine the share to which each is entitled as if the tenants were tenants in common.  R.C. 5307.05.  Where a deed is silent, there is a rebuttable presumption that the parties took equal interests in the property.  *Bryan v. Looker* (1994), 94 Ohio App.3d 228, 231.

{¶ 20} The commissioner has the duty to make the partition.  R.C. 5307.06.  In doing so, the commissioner is required to view and examine the property.  Id.  If the commissioner concludes that the estate cannot be divided "without manifest injury to its value," the commissioner "shall return that fact to the court of common pleas with a just valuation of the estate."  R.C. 5307.09.

{¶ 21} If the court accepts the return, a party may elect to take the estate at the

appraised value. Id. If so, the court must adjudge the property to that party, upon the party's paying to the other parties their proportion of its appraised value, according to their respective rights, or securing it as provided in R.C. 5307.10. Id. If none of the parties elects to take the property, the court may order the property to be sold. R.C. 5307.11. Similarly, if multiple parties separately elect to take the property at its appraised value, the court must sell the property. *Weber v. McGowan-Young*, Clark App. No. 07-CA-89, 2008-Ohio-4147, ¶14, citing *Darling v. Darling* (1911), 85 Ohio St. 27, 33. Once the court confirms the sale, the proceeds are distributed to the parties in proportion to their rights. R.C. 5307.14.

{¶ 22} Watts acknowledges that the trial court properly made an initial finding that each party had an interest in the property. He emphasizes, however, that the trial court did not comply with any other procedural requirement in R.C. Chapter 5307. He notes that no commissioner was appointed, there was no finding that the property could not be partitioned, and the court failed to obtain a just valuation of the property. Watts asserts that the court "essentially awarded the Property to Plaintiff, with a nominal payment to Defendant."

{¶ 23} Thrasher does not dispute that the trial court failed to follow the statutory procedures. Instead, she argues that the present case involved an equitable – rather than a statutory – partition, and that the trial court's order should be upheld "on the basis of fairness." She states that Watts's objections "appear to be exclusively technical" and that a similar result would be reached if the case were remanded for the appointment of a commissioner.

{¶ 24} We reject Thrasher's contention that she brought an action for "equitable

partition" and that compliance with R.C. Chapter 5307 is unnecessary. An action for partition is equitable in nature, but it is controlled by statute. See *McGill v. Roush* (1993), 87 Ohio App.3d 66, 79 ("The remedy of partition, throughout the United States, is statutory, and partition is generally held to be one of the subjects of settled equitable jurisdiction"); *Russell v. Russell* (1940), 137 Ohio St. 153. While the court may apply equitable principles to ensure an equitable partition, the court must comply with the statutory procedures in R.C. Chapter 5307. *Redmon v. Surina*, Pickaway App. No. 04CA4, 2005-Ohio-2472 (reversing the trial court's partition order when it failed to follow the statutory requirements regarding partition proceedings).

{¶ 25} The record substantiates Watts's claims that the trial court failed to follow several of the statutory procedures for partition. As recognized by Watts, the trial court properly determined that both parties had a legal right to the property and the proportion of that interest. However, no commissioner was appointed, and no recommendation was made to the trial court regarding whether the property could be divided without a manifest injury to the property's value. The parties testified to the value of the property as assessed by the county auditor, but the parties did not agree regarding the current value of the property and no independent valuation was provided to the court by a commissioner.

{¶ 26} As for the court's remedy, the trial court permitted Thrasher to elect between a sale of the property and paying Watts the amount of his equity in the property. Although this approach may have been an efficient means to a likely outcome, it was not in accordance with R.C. Chapter 5307. Most significantly, it did not provide Watts an opportunity to elect the property and, instead, left the remedy to Thrasher's discretion.

**{¶ 27}** "'In equitable matters, the court has considerable discretion in attempting to fashion a fair and just remedy.' *Winchell v. Burch* (1996), 116 Ohio App.3d 555, 561. But this discretion cannot flout or override specific statutory mandates. The wisdom and efficacy of existing constitutional laws is a matter for the legislature." *Wells Fargo Bank, N.A. v. Young*, Darke App. No. 2009 CA 12, 2011-Ohio-122, ¶63 (reversing the trial court's use of a foreclosure procedure that was not authorized by statute).

**{¶ 28}** Based on the trial court's failure to comply with the statutory requirements for partition, Watts's assignment of error is sustained.

III

**{¶ 29}** The trial court's judgment regarding partition of the property is reversed, and the matter is remanded for further proceedings.

Judgment reversed

and cause remanded.

GRADY, P.J., and FAIN, J., concur.