[Cite as *Thrasher v. Watts*, 2013-Ohio-2581.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

HEIDI J. THRASHER                               :

     Plaintiff-Appellant                       :                    C.A. CASE NO.    2012 CA 50

v.                                                        :                    T.C. NO.    09CV397

DALLAS H. WATTS                             :                    (Civil appeal from
                                                                            Common Pleas Court)

     Defendant-Appellee                       :

                                                          :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    21st    day of     June    , 2013.

. . . . . . . . . .

THERESA A. BAKER, Atty. Reg. No. 0059122, 120 W. Second Street, Suite 1700, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellant

MICHAEL A. MAYER, Atty. Reg. No. 0064079, 510 W. Main Street, Fairborn, Ohio 45324
     Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Plaintiff-appellant Heidi J. Thrasher appeals a judgment of the Clark County

Court of Common Pleas, Civil Division, awarding her ownership of a parcel of real property jointly owned by the parties, but ordering her to pay defendant-appellee Dallas H. Watts the sum of $81,000.00, that being half of the appraised value of the property. Thrasher filed a timely notice of appeal with this Court on July 11, 2012.

{¶ 2} We set forth the history of the case in *State v. Thrasher*, 193 Ohio App.3d 569, 2011-Ohio-2844, 952 N.E.2d 1207, ¶s 2-13 (2d Dist.) (hereinafter "*Thrasher I*), and repeat it herein in pertinent part:

In February 2008, during the course of their relationship, Watts and Thrasher purchased the home located at 8441 Haddix Road in Fairborn, Ohio, as joint tenants with right of survivorship. The purchase price for the home was $100,000. At closing, the parties made a down payment of approximately $40,000, obtained a mortgage from Countrywide Home Loans for the balance, and paid off certain personal bills. Thrasher provided the vast majority of the funds for the downpayment.

Between February and September, the parties did substantial renovations to the home, including creating a master bedroom and bathroom, renovating other bathrooms, installing tile, replacing doors and framing, repairing drywall, and painting. Thrasher paid for much of the materials for the renovations. A large portion of the work was done by Kevin Reynolds, a family friend who resided at the home in exchange for his labor. The parties and their families also contributed labor to the renovations. The trial court found that Watts, with some help from his father, "did a considerable amount

of plumbing, bathroom remodeling, electric, and drywall, but he was essentially receiving free room and board in exchange for that labor."

On September 14, 2008, the roof to the house was significantly damaged by a wind storm. Encompass Insurance issued two checks totaling $11,779 to Watts for repairs. Most of the proceeds were used to pay for household bills, repairs to Thrasher's vehicle, and materials so that the parties could repair the roof themselves.

The parties' relationship deteriorated, and in November 2008, they each obtained a civil protection order against the other. Watts and Thrasher informally agreed to move from the residence. On November 19, 2008, Thrasher went to the house to retrieve her personal property. Thrasher took a substantial portion of the items in the house, and she acknowledged that she inadvertently took some of Watts's items.

While the house was unoccupied, Watts began work on the roof, but he did not complete the repairs and some of the materials were stolen. In addition, the house was vandalized on one or more occasions. On New Year's Eve, Reynolds and relatives of Thrasher repaired the roof "to the point where it was in good enough condition to get it through that winter."

The house remained unoccupied until April 2009, when Thrasher moved back into the house. Since then, Thrasher has brought the mortgage payments current and has continued to pay the mortgage, partially with funds borrowed from her relatives.

In late March 2009, Thrasher filed a complaint against Watts for partition and conversion. Thrasher alleged that Watts had wrongfully converted the insurance claim proceeds and items of her personal property. She sought the return of her personal items or damages for the value of that property, payment of the insurance proceeds so that she could repair the property, and an order "requiring that either said real estate be partitioned and plaintiff's interest be set off in severalty; or in the event that plaintiff's interest in said real estate may not be set off in severalty, that said real estate be sold and plaintiff be entitled to all the proceeds from the sale."

Watts denied Thrasher's claims and brought a counterclaim for conversion of his own personal property. Watts's prayer for relief included a request for damages and for either partition of the property or that the property be sold and the equity divided.

A bench trial was held on March 1, 2010. The trial court found that Thrasher's equity in the home at the time of closing was $40,144.92. The trial court found that Watts's equity in the home at the time of trial equaled $839, representing $314 brought to the closing plus $525 for seven months of mortgage payments. The court rejected Watts's suggestion that the property be sold, the mortgage satisfied, and the proceeds be split between Thrasher and him. The court commented that such suggestion "ignores the fact that plaintiff has invested approximately $40,000 more into the real property than he has." The court concluded:

"Accordingly, the Court finds in favor of plaintiff on her partition

claim. There are only two possible remedies for plaintiff. Option one would be to sell the property, satisfy the mortgage, pay the defendant $839.00 for his equitable interest, and retain the remainder of the proceeds less realtor fees and other closing costs. Option two would be for the Court to grant her exclusive and unencumbered title to the real property conditioned upon her first paying defendant $839.00 for his equitable interest therein.

"The Court will defer to plaintiff's discretion and allow her to exercise the option of her choice."

The trial court entered judgment in favor of Watts on Thrasher's conversion claims regarding the insurance proceeds and her personal property. The court ordered each of the parties to return any property of the other that he or she might have.

{¶ 3} Watts appealed the trial court's decision arguing that the court erred in failing to follow the statutory procedures for the partitioning of real property under R.C. Chapter 5307. We agreed with Watts and found that the trial court failed to follow the statutory procedures for the partition of the subject property. *Thrasher I*, 193 Ohio App.3d 569, 574-575, at ¶¶ 24, 25.

{¶ 4} Specifically, we found that while the trial court properly determined that both parties had a legal right to the property and the proportion of that interest, no commissioner was appointed, and no recommendation was made to the trial court regarding whether the property could be divided without a manifest injury to the property's value. We noted that the parties testified to the value of the property as assessed by the County Auditor,

but the parties did not agree regarding the current value of the property and no independent valuation was provided to the court by a commissioner. Thus, we reversed the judgment of the trial court based on its failure to comply with the statutory requirements for partition of real property in R.C. Chapter 5307.

{¶ 5} On remand, the trial court issued an order appointing a commissioner responsible for appraising the property at issue and making a determination regarding whether the property at issue could be divided amongst the parties or whether the property should be sold at auction and the proceeds distributed to the parties in proportion to their rights. The commissioner subsequently appraised the property at $162,000.00 and found that the property could not be divided without "manifestly injuring" its value.

{¶ 6} At that point, the trial court issued an order providing Watts and Thrasher with the option to present an offer to purchase the property. Shortly thereafter, Thrasher submitted a motion to purchase the property for its appraisal value, as well as pay Watts his equitable proportion of the property's value pursuant to the trial court's decision issued on May 14, 2010. As previously noted, the trial court originally ordered Thrasher to pay Watts $839.00 as his equitable portion of the value of the subject property. On May 1, 2012, Watts filed a response to Thrasher's motion to purchase the property for the appraisal value, in which he argued that he was entitled to a payment of $81,000.00, equal to a one-half interest in the subject property. On June 15, 2012, the trial court issued a brief judgment entry awarding the property to Thrasher for the appraised value of $162,000.00. The trial court, however, also ordered Thrasher to make payments to Watts "amounting to his one-half interest in the estate ($81,000.00) pursuant to the terms of R.C. Section 5307.10."

{¶ 7}    It is from this judgment that Thrasher now appeals.

{¶ 8}    Thrasher's sole assignment of error is as follows:

{¶ 9}    "IN ITS ENTRY FILED MAY 14, 2010, THE TRIAL COURT CORRECTLY DETERMINED THAT THE PARTIES' RESPECTIVE EQUITY INTERESTS IN THE REAL PROPERTY WERE NOT EQUAL AND THEN THE TRIAL COURT ERRED IN ITS ORDER FILED JUNE 15, 2012, BY ORDERING PLAINTIFF-APPELLANT TO PAY DEFENDANT-APPELLEE ONE-HALF (½) OF THE APPRAISED VALUE OF THE REAL PROPERTY, THUS THE TRIAL COURT IGNORED ITS OWN DETERMINATION THAT THE PARTIES' RESPECTIVE EQUITY INTERESTS WERE NOT EQUAL AND THE TRIAL COURT IGNORED THE FACT THAT THERE IS A MORTGAGE AGAINST THE REAL PROPERTY."

{¶ 10}    In her sole assignment, Thrasher contends that the trial court erred when it ordered her to pay Watts $81,000.00, an amount equal to one-half of the appraised value of the subject property, because the order is contrary to the court's own findings in its decision issued on May 14, 2010.   Specifically, Thrasher argues that the trial court ignored its original finding that Watts was only entitled to $839.00 as his equitable interest in the property.

{¶ 11}    Partition actions are governed by R.C. Chapter 5307.   Under that statute, a tenant in common, survivorship tenant, or coparcener (joint heir) may file a petition in the common pleas court seeking partition of real estate.   R.C. 5307.01; R.C. 5307.03.   "If the court of common pleas finds that the plaintiff *** has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one

suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition. ***"   R.C. 5307.04. *Thrasher I*, 193 Ohio App.3d 569, 574-575, at ¶ 18.

{¶ 12}   If partition is granted among survivorship tenants, as is the case here, the court must determine the share to which each is entitled as if the tenants were tenants in common.  R.C. 5307.05.  Where a deed is silent, there is a rebuttable presumption that the parties took equal interests in the property.  *Bryan v. Looker*, 94 Ohio App.3d 228, 231, 640 N.E.2d 590 (3d Dist. 1994).  Thus, courts are permitted to look beyond the deed to determine each party's equitable interest in the subject property.  Specifically, the presumption of equality can be rebutted by evidence demonstrating unequal contributions toward the purchase price, and on that showing a presumption arises that the parties intended to share the property in proportion to the amounts they contributed. *Spector v. Giunta*, 62 Ohio App.2d 137, 141, 405 N.E.2d 327, 330 (6th Dist.1978).

{¶ 13}   it is undisputed that the deed conveying the real property to Thrasher and Watts named them as grantees but was silent as to the proportion of their respective ownership interests.  Accordingly, a rebuttable presumption was created that the parties possessed equal interests in the subject property, and it became Thrasher's duty to adduce evidence which overcame that presumption.  At the trial held on March 1, 2010, Thrasher adduced evidence regarding the difference between her contribution toward the purchase price of the subject property and Watts' contribution.   In its judgment entry issued on May 14, 2010, the trial court found that Thrasher's "equitable interest in the real property at the time of closing was $40,144.92."  Conversely, the trial court found that Watts' equitable interest at the time of closing was only $314.00.  The trial court also found that Watts had

made seven mortgage payments and credited him an additional $525.00 towards his proportional share of his interest in the property. Thus, the trial court found that the aggregate sum of Watts' equitable interest in the subject property was $839.00. Clearly, sufficient evidence was adduced by Thrasher that she rebutted the presumption that the parties possessed equal interests in the subject property.

{¶ 14} In *Thrasher I*, we directed the trial court to follow the statutory procedures for the partitioning of the subject property under R.C. Chapter 5307. Specifically, we ordered the trial court to appoint a commissioner who would make a recommendation regarding whether the property could be divided without a manifest injury to the property's value. The parties testified to the value of the property as assessed by the County Auditor, but the parties did not agree regarding the current value of the property and no independent valuation was provided to the court by a commissioner.

{¶ 15} We did note, however, that "the trial court properly determined that both parties had a legal right to the property and *the proportion of that interest*. *Thrasher I*, 193 Ohio App.3d 569, 574, at ¶ 25. In other words, we did not disturb the trial court's findings regarding the respective interests of the parties in the subject property. The trial court correctly found in its May 14, 2010, entry that Thrasher's equitable interest in the property was $41,144.92, and Watts' equitable interest only amounted to $839.00. On remand after *Thrasher I*, when Thrasher elected to take the property at the appraised value pursuant to R.C. 5307.09, the trial court was required to provide her with possession of said property upon her payment to Watts of the proportion of his equitable interest of $839.00.

{¶ 16} Thus, the trial court erred when it ordered Thrasher to pay Watts $81,000.00,

or one-half of the appraised value of the subject property. There is simply no support in the record for that portion of the trial court's brief entry issued on June 15, 2012, wherein it ordered Thrasher to pay Watts $81,000. Moreover, said order is contrary to the trial court's earlier finding that Watts' equitable interest in the subject property amounted to only $839.00. Accordingly, Thrasher is entitled to take the property at the appraised value of $162,000, and Watts is entitled to a payment of $839.00 in return for his proportion of his equitable interest in the property.

{¶ 17}   Thrasher's sole assignment of error is sustained.

{¶ 18}   Thrasher's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Theresa A. Baker
Michael A. Mayer
Hon. Douglas M. Rastatter