**[Cite as *Piros v. Teague*, 2023-Ohio-3730.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| ANGELA S. PIROS | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-21 |
| | : | |
| v. | : | Trial Court Case No. 22-CV-568 |
| | : | |
| DEANNA J. TEAGUE, ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 13, 2023

. . . . . . . . . . .

DEANNA J. TEAGUE, Pro Se Appellant

SEAN J. VALLONE, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Deanna J. Teague appeals from the trial court's judgment granting default judgment to Plaintiff-Appellee Angela S. Piros. For the reasons outlined below, we reverse the judgment of the trial court.

{¶ 2} Piros and Teague inherited certain real property following the death of their

mother in January 2022 and became co-owners of the property as tenants in common. The property was subject to a transfer on death affidavit, it was transferred into their joint names, and the title was recorded in September 2022. Thereafter, Piros and Teague were unable to agree regarding the disposition and management of the property; in October 2022, Piros filed a complaint in partition in the Greene County Common Pleas Court.

{¶ 3} When Teague failed to answer or otherwise plead in this matter, Piros moved for default judgment. The trial court granted Piros's motion for default judgment on March 23, 2023, transferring the property "solely to Plaintiff, Angela S. Piros, absolutely and in fee simple" without appointing any person to be the commissioner to make the partition. Teague filed a pro se appeal, and she submitted several documents that we cannot consider because they are not part of the record. Teague does not assert any specific assignment(s) of error in her appeal.

{¶ 4} "A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading." *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986); Civ.R. 55. Upon a motion for default judgment, and if warranted, a trial court may enter judgment against the party who failed to plead. Because Teague failed to answer or otherwise plead in this matter, she failed to comply with the Civil Rules and was subject to default judgment.

{¶ 5} Partition actions are governed by R.C. Chapter 5307. "An action for partition is equitable in nature, but it is controlled by statute." *Thrasher v. Watts*, 2d Dist. Clark No. 2010-CA-62, 2011-Ohio-2844, ¶ 24, citing *McGill v. Roush*, 87 Ohio App.3d 66, 79, 621

N.E.2d 865 (2d Dist.1993) ("The remedy of partition, throughout the United States, is statutory, and partition is generally held to be one of the subjects of settled equitable jurisdiction."); *Russell v. Russell*, 137 Ohio St. 153, 28 N.E.2d 551 (1940). "While the court may apply equitable principles to ensure an equitable partition, the court must comply with the statutory procedures in R.C. Chapter 5307." *Thrasher* at ¶ 24, citing *Redmon v. Surina*, 4th Dist. Pickaway No. 04CA4, 2005-Ohio-2472 (reversing the trial court's partition order when it failed to follow the statutory requirements for partition proceedings). "R.C. Chapter 5307 creates, defines and regulates rights, and must still be followed even in the situation where a default judgment has been granted * * *." *Redmon at* ¶ 9.

{¶ 6} In general, if any interest in real property is conveyed or devised to two or more persons, such persons hold title as tenants in common, and the joint interest created is a tenancy in common. R.C. 5302.19. Where a deed is silent as to amount of proportional interest held by each person, there is a rebuttable presumption that owners of property as tenants in common took equal interests in the property. *See Thrasher* at ¶ 19, citing *Bryan v. Looker*, 94 Ohio App.3d 228, 231, 640 N.E.2d 590 (3d Dist.1994).

{¶ 7} R.C. 5307.01 provides that "[t]enants in common, survivorship tenants, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof as provided in sections 5307.01 to 5307.25 of the Revised Code." R.C. 5307.01. "A person entitled to partition of an estate may file his petition therefor in the court of common pleas, setting forth the nature of his title, a pertinent description of the lands, tenements, or hereditaments of which partition is demanded, and naming each tenant in common, coparcener, or other person interested

therein, as defendant. * * *" R.C. 5307.03. "If the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or *all interested parties*, *appoint one suitable disinterested person to be the commissioner to make the partition*, *and issue a writ of partition*. The court on its own motion may, and upon motion of a party or any other interested person shall, appoint one or two additional suitable persons to be commissioners. * * *" (Emphasis added.) R.C. 5307.04.

{¶ 8} "The commissioner has the duty to make the partition." *Thrasher,* 2d Dist. Clark No. 2010-CA-62, 2011-Ohio-2844, at ¶ 19, citing R.C. 5307.06. "In doing so, the commissioner is required to view and examine the property." *Id.* "If the commissioner concludes that the estate cannot be divided 'without manifest injury to its value,' the commissioner 'shall return that fact to the court of common pleas with a just valuation of the estate.'" *Id.*, citing R.C. 5307.09.

{¶ 9} In this case, although the trial court properly granted default judgment, a default judgment did not cause a forfeiture of Teague's interest in the property; instead, it triggered the potential partition of the property. The trial court did not make required initial findings that each party had an interest in the property, including the proportion of that interest, despite that Teague and Piros owned the property as tenants in common. Instead, the court essentially awarded the property to Piros when it ordered the property to be transferred solely, absolutely, and in fee simple to her. In doing so, the trial court erred by not complying with several of the statutory requirements for partition, including the appointment of a commissioner to determine whether the property can be partitioned.

{¶ 10} Because the trial court did not follow the statutory requirements for partition proceedings under R.C. Chapter 5307, we reverse the judgment of the trial court transferring the property to Piros, and this cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.