[Cite as *Burke v. Ganelli*, 2025-Ohio-1447.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

THERESA BURKE, ET AL.,                    :

    Plaintiffs-Appellees,              :

                                     No.  114016

    v.                                 :

JEFFREY GANELLI,                          :

    Defendant-Appellant.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:** April  24, 2025

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-22-962075

---

### *Appearances:*

Phillips & Mille Co., L.P.A., and Phillip J. Henry, *for appellees*.

John B. Ertle, Jr., *for appellant*.

---

ANITA LASTER MAYS, J.:

{¶ 1}  Appellant, Jeffrey Ganelli ("J. Ganelli"), appeals the trial court's judgment entry adopting the magistrate's decision in favor of his siblings, Theresa Burke ("Burke") and Gregory Ganelli ("G. Ganelli") (collectively "Appellees"),

regarding partition and setoff determinations.  After careful review, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}  The parties are tenants in common of the property located at 1438 Elbur Avenue, Lakewood, Ohio.  J. Ganelli and his partner moved into the property with Lucille Ganelli, the parties' mother ("Mother"), before she died.  Mother passed away on September 3, 2021.  On October 5, 2021, the title was transferred pursuant to a transfer on death designation affidavit granting J. Ganelli a 50 percent interest and Appellees each a 25 percent interest.

{¶ 3}  Following Mother's death, J. Ganelli maintained exclusive possession of the property without compensating the Appellees for their respective ownership interests.  The parties discussed J. Ganelli buying out Appellees' interest in the property.  To facilitate negotiations, G. Ganelli hired an appraiser to inspect and determine the property's value.  An appraisal to determine the property's fair market rental value and overall value was conducted on October 10, 2021.  After unsuccessful negotiations regarding the sale of the property, Appellees filed a partition action on April 4, 2022, in the Cuyahoga County Court of Common Pleas Court.  In addition to a partition of the property, Appellees requested an order that J. Ganelli pay them the fair market rent for the period he had exclusive possession of the property.

{¶ 4}  J. Ganelli was served with a summons and complaint on April 29, 2022.  He subsequently filed a motion for leave to plead on May 16, 2022.

The trial court granted J. Ganelli's motion and extended the deadline for filing a responsive pleading to June 30, 2022. Despite the extension, J. Ganelli did not file a responsive pleading. Appellees sought default judgment on July 12, 2022, claiming damages of $9,350 and $5,370 in attorney fees. The magistrate set the default hearing for August 23, 2022, and J. Ganelli filed a motion for leave to file answer and counterclaim, instanter on August 22, 2022.

{¶ 5} The default hearing was called but did not go forward. Instead, the trial court held J. Ganelli's motion in abeyance and gave Appellees 14 days to respond to J. Ganelli's motion for leave to file an answer and counterclaim, instanter. On October 19, 2022, the trial court filed a judgment entry memorializing the parties' stipulation to partition and appointment of a commissioner to appraise the property. On October 31, 2022, the trial court appointed Michael A. Kenney, Esq. as the commissioner ("the Commissioner"), to appraise the property.

{¶ 6} Appellees filed a motion for praecipe for writ of partition on January 18, 2023, which was granted on February 8, 2023. On March 14, 2023, the court ordered the Commissioner to complete the appraisal within 30 days. Additionally, the trial court ordered J. Ganelli to produce documents related to any repairs of the property from the date the stipulation to partition was filed. The Commissioner's report was filed April 4, 2023, the same day the completed writ of partition was returned. Although an attorney conference was held on April 19, 2023, J. Ganelli's counsel failed to attend. Moreover, J. Ganelli's attorney did not provide

Appellees' counsel with the documents ordered in the trial court's March 14, 2023 journal entry.

{¶ 7} The court again ordered J. Ganelli's attorney to produce all documents related to repairs to the property since the stipulation of partition. This time the appellant was ordered to give the documents directly to the court, within seven days. Additionally, the trial court ordered the parties to file a notice of election, expressing the relevant parties' desire to purchase the property, within 14 days. The magistrate scheduled a hearing on setoffs for June 7, 2023. The parties were ordered to provide witness and exhibit lists and stipulations by June 2, 2023. Appellees filed a motion to show cause on May 23, 2023, alleging J. Ganelli failed to comply with the court's March 14, 2023 and April 19, 2023 orders to produce documents.

{¶ 8} Appellees filed their original witness and exhibit lists on June 2, 2023.[1] J. Ganelli did not file witness or exhibit lists, nor did he respond to Appellees' motion to show cause. The magistrate held the hearing for setoffs on June 7, 2023, at which neither J. Ganelli nor his attorney appeared. The court determined the property could not be divided without manifest injury to its value; therefore, it granted Appellees' request for the partition of the property, effective September 3, 2022.

---

[1] Appellees filed supplemental witness and exhibit lists on June 6, 2023.

**{¶ 9}** Furthermore, the magistrate found that 1) the fair market rental value of the property is $1,700 per month and 2) that J. Ganelli had exclusive possession of the property for 21 months. The court ordered J. Ganelli to pay Appellees $17,850, the fair market rental value, during his exclusive occupancy. The magistrate also found the overall value of the property was $290,000 and that Appellees' attorney was entitled to have $6,300 of his fees taxed as cost for the common benefit of all the parties.

**{¶ 10}** J. Ganelli failed to timely elect to purchase the property pursuant to R.C. 5307.09 within 14 days of the court's April 19, 2023 order. Consequently, the magistrate permitted Appellees to "file a praecipe for order of sale to move the case toward judicial sale." The court ordered "all proceeds shall be held pending further order of the court" after confirmation of the sale of the property. Additionally, the court scheduled a show cause hearing for June 28, 2023, to address J. Ganelli and his attorney's failure to comply with the court's March 14, 2023 and April 19, 2023 document production orders.

**{¶ 11}** On June 26, 2023, J. Ganelli filed objections to the magistrate's decision. On June 28, 2023, the court called the show cause hearing; however, it did not proceed. Instead, the magistrate ordered J. Ganelli to produce all receipts for work done on the property and insurance documents. The court stated:

> A failure to comply will result in a daily fine of $100 per day for every day the documents are not provided and potential additional sanctions. Plaintiff to file a Notice of Non-compliance in the event these documents are not provided or are incomplete, after discussing the errors or omissions with opposing counsel.

Journal Entry No. 150836341 (June 28, 2023).

{¶ 12} Appellees filed a motion to strike and brief in opposition to J. Ganelli's objections to the magistrate's decision on July 6, 2023. J. Ganelli produced documents and filed a notice of service on July 11, 2023. However, Appellees notified the court, on July 20, 2023, that the proffered documents did not comply with the court's order. Seven days later, J. Ganelli filed a motion to purchase the property at appraised value. In response, Appellees filed a motion to strike and objection to J. Ganelli's request to purchase the property at fair market value. The trial court denied Appellees' motion to strike but sustained their objection to J. Ganelli's motion to purchase the property at appraised value. On August 7, 2023, J. Ganelli filed a motion to supplement record with transcript.

{¶ 13} The trial court adopted the magistrate's decision over J. Ganelli's objections and entered final judgment in favor of Appellees on May 30, 2024. On June 3, 2024, the court granted J. Ganelli's August 7, 2023 motion to supplement record with transcript. J. Ganelli appeals and raises three assignments of error for review.

**Assignments of Error**

I.    The Trial Court committed plain error by failing to determine the allocation of the real estate taxes for the Subject Property.

II.   The Trial Court erred by failing to hear additional evidence regarding Appellant's setoffs.

III.  The Trial Court erred in denying Appellant's Motion to Purchase Property at Appraised Value.

## II. LAW AND ANALYSIS

## A. Allocation of Real Estate Taxes

{¶ 14} J. Ganelli's first assignment of error alleges that the magistrate committed plain error when it failed to properly setoff property taxes amongst the parties. In *State v. Morgan*, 2017-Ohio-7565, the court held:

> [I]n order for a court to find plain error in a civil case, an appellant must establish (1) a deviation from a legal rule, (2) that the error was obvious, and (3) that the error affected the basic fairness, integrity, or public reputation of the judicial process and therefore challenged the legitimacy of the underlying judicial process.

*Id.* at ¶ 40.

{¶ 15} Here, J. Ganelli offers no evidence that the trial court failed to independently review the record before adopting the magistrate's decision. Furthermore, J. Ganelli has not identified any rule from which the trial court deviated; nor has he alleged an obvious error that affected the basic fairness, integrity, or public reputation of the judicial process. The lack of evidence within the record of J. Ganelli's expenses was due to his own inaction. J. Ganelli failed to attend the hearing for setoff or produce documents. Moreover, he did not file an exhibit list or a timely objection to the magistrate's decision. We presume the trial court conducted an independent review of the record. The magistrate's factual findings concerning setoffs were based on evidence presented at the hearing and produced during the case. The record contains no evidence of what J. Ganelli allegedly paid for property taxes, nor was there evidence he requested reimbursement from Appellees. Without testimony or documentation from

J. Ganelli, the magistrate could not allocate tax responsibilities or consider evidence not a part of the record. Accordingly, we find no error and J. Ganelli's first assignment of error is overruled.

{¶ 16} J. Ganelli's second and third assignments of error concern procedural issues rather than challenges to the magistrate's factual findings. Therefore, we will review J. Ganelli's second and third assignments of error under an abuse-of-discretion standard.

## B. Opportunity to Present Additional Evidence

{¶ 17} In his second assignment of error, J. Ganelli argues that the trial court abused its discretion by denying his request to permit additional evidence regarding setoffs. We disagree.

{¶ 18} The admission or exclusion of evidence rests within the sound discretion of the trial court. *E.g., Chiro v. Foley*, 2013-Ohio-4808, ¶ 16 (8th Dist.). Furthermore, Civ.R. 53(D)(4)(d) permits a trial court to refuse additional evidence unless the objecting party demonstrates that the evidence could not have been presented with reasonable diligence. *Id.* at ¶ 25.

{¶ 19} In the instant case, J. Ganelli failed to attend the hearing for setoffs. He alleges that he was unaware of the hearing date because his attorney was hospitalized, required surgery, and had an extensive recovery. The record indicates that despite his attorney's hospitalization and surgery, J. Ganelli could have exercised reasonable diligence to provide the magistrate with evidence of the amounts he allegedly paid from personal funds for property taxes, but he failed to

do so. J. Ganelli never provided Appellees a bill or invoice, nor did he specifically ask them for any reimbursements for property taxes. In fact, J. Ganelli failed to produce evidence of expenses related to the property, despite the magistrate's orders to produce the documents on March 14, 2023, and April 19, 2023.

{¶ 20} J. Ganelli fails to advance any arguments or offer evidence that he exercised reasonable diligence to provide the magistrate with the evidence in issue. Consequently, the trial court was under no obligation to reopen the record for additional evidence. We find that the trial court did not abuse its discretion in declining to reopen the record. J. Ganelli's second assignment of error is overruled.

## C. Motion to Purchase Property at Appraised Value

{¶ 21} In his third assignment of error, J. Ganelli contends the trial court erred by denying his motion to purchase the property at appraised value. We find J. Ganelli's argument unpersuasive.

{¶ 22} Although equitable in nature, an action for partition is controlled by statute. *Thrasher v. Watts*, 2011-Ohio-2844, ¶ 24 (2d Dist.). The trial court is required to appoint a commissioner who has the duty to make the partition. R.C. 5307.06. In doing so, the commissioner is required to view, examine, and determine the value of the property. *Id*. If the commissioner determines that the estate cannot be divided "without manifest injury to its value," the commissioner "shall return that fact to the court of common pleas with a just valuation of the estate." *Wickham v. Wickham*, 2015-Ohio-4136, ¶ 31 (5th Dist.).

{¶ 23} Under R.C. 5307.09, once the court determines division is not possible without causing manifest injury to the value of the estate, any of the co-owners in a partition action may elect to purchase the property at its appraised value, within the timeframe set by the court. If none of the parties elect to purchase the property, the court may order the property sold in accordance with R.C. 5307.10. *Wickham v. Wickham* at ¶ 32.

{¶ 24} Here, the magistrate accepted the Commissioner's determination that the property could not be divided without manifest injury to the estate and ordered the parties to file their respective notices of election to purchase the property within 14 days of April 19, 2023. J. Ganelli failed to file his notice of election within the timeframe set by the court and did not move to purchase the property until three months after the deadline. Moreover, he had exclusive control over the property throughout these proceedings, to Appellees' detriment.

{¶ 25} Appellees had no access to the property and received no rental income during that time. We determine that the trial court properly enforced its deadline, and its decision was not arbitrary, unconscionable, or unreasonable. Accordingly, J. Ganelli's third assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR