## NOLAN, Exrx v KROLL

Ohio Appeals, 6th Dist, Erie Co
No 339. Decided Sept. 19, 1930

H. L. Peeke, Sandusky, for Nolan.
King, Ramsey & Flynn, Sandusky, for Kroll.

LLOYD, J.

Funeral expenses are not, strictly speaking, debts of an estate, but the law humanely declares that the administrator or executor shall be obliged to pay them to the extent that the same are reasonable and there are assets of the estate in his possession for administration. Whatever the law may be in other jurisdictions, in Ohio, real estate of a decedent descends directly to his heirs or devisees and is not assets of the estate to be administered by the executor or administrator except, that when "the personal estate in his hands will not pay all the debts of the deceased, with the allowance to support the widow and children for twelve months, and the charges of administering the estate", he is authorized by 10774, et seq., GC., to proceed to sell same and by 10869 GC, is directed as to the manner of the application and distribution of the proceeds of the sale. This section reads:

"The money arising from the sale of real estate shall be applied as follows:

1. To discharge the costs and expenses of the sale, and the percent and charges of the executor or administrator thereon, for his administration.

2. To the payment of mortgages and judgments against the deceased, according to their respective priorities of lien, so far as they operated as a lien on the esate at the time of his death; which shall be apportioned and determined by the court, on reference to a master or otherwise.

3. To the discharge of claims and debts, in the order mentioned in this title."

It seems to us that language could not well be more explicit. It is evident that the words "to the discharge of claims and debts in the order mentioned in this title" refers to debts and to the order of payment specified in 10714 GC. These two sections appear in Title III of the code and obviously must be construed together and, so construed, particularly and definitely determine for the administrator or executor how he shall proceed in the payment of debts of an estate in process of administration.

We have examined not all, but many of the authorities cited by plaintiff in error but do not find them applicable to the administration of estates in Ohio. The statutes of this state are in our judgment unequivocal in terms and must govern.

The judgment of the court of common pleas is therefore affirmed.

Williams and Richards, JJ, concur.