GLIMCHER, APPELLEE, *v.* DOPPELT ET AL., APPELLANTS.

(No. 950—Decided March 14, 1966.)

*Mr. Leo A. Levin, in propria persona.*
*Messrs. Weldon, Huston & Keyser* and *Mr. Charles H. Huston,* for appellants.

270

RUTHERFORD, P. J. Property in which the defendants, appellants herein, owned an undivided one-half interest was sold by order of the court in the proceedings for partition and marshalling of liens.

On July 12, 1965, Leo A. Levin, plaintiff's counsel, filed a motion for allowance of reasonable counsel fees for his services rendered in that partition action, to be taxed as a part of the costs and expenses accruing in the action, in accordance with the provisions of Section 5307.25, Revised Code. Notice was given to the defendants in the partition action that such motion for allowance of fees would be for hearing before the court on July 30, 1965, at 9:30 a. m.

On July 16, 1965, while the motion to fix counsel fees was still pending, a journal entry confirming the sale and ordering distribution was filed. It provided for distribution as follows:

(1) For payment of taxes.

(2) To the Clerk of the Common Pleas Court costs of this action "including a counsel fee in the amount of nineteen thousand eight hundred ninety and No/100 dollars ($19,890.00) pursuant to rule of court, which fee the clerk is ordered to hold pending further order of this court."

(3) To revenue stamps, poundage and liens and the

(4) remaining balance one-half to plaintiff for

(5) his individual one-half interest and one-half to defendants for their individual one-half interest.

Hearing was thereafter held on the motion of plaintiff's attorney for allowance of counsel fees, and on September 22, 1965, the following judgment was journalized:

"This day this cause came on to be heard upon the dispute concerning the allowance of counsel fees to plaintiff's attorney herein, and the same was submitted upon the record, the evidence, the briefs and arguments.

"After due and careful consideration of the evidence, the record herein, Section 5307[.25] Revised Code of Ohio, and Rule No. XXII which is of many years standing during the tenure of at least two Judges and in substantially its present form has been a part of the Common Pleas Court Rules of Richland County since prior to the year 1949, and the rule-making authority as discussed at page 373 of the *Meyer case*, 129 Ohio St., this court reaches the conclusion that the allowance of coun-

sel fees to plaintiff's attorney as ordered and approved by the order of confirmation and distribution filed July 16, 1965, should be approved, established and adopted.

"It is therefore ordered, decreed and adjudged that the amount of fees for the attorney for the plaintiff herein, be, and hereby is approved, established and adopted as the same amount as appears in said journal entry filed July 16, 1965."

The property was sold for the sum of $975,000. Rule XXII of the Common Pleas Court of Richland County provides that: "* * * partition fees shall be computed as follows:

| | |
|---|---|
| "8% of first | $ 2,000.00 |
| "6% of next | $ 3,000.00 |
| "5% of next | $ 5,000.00 |
| "2% of excess of | $10,000.00" |

And, such Rule provides further:

"Said percentages shall be upon the ascertained value of such property, if partitioned, or upon the proceeds of sale of such property and shall be taxed in favor of counsel for plaintiff."

As stated in the entry, fees computed in the sum of $19,-890.00 in accordance with the rule of court as provided for in the order of distribution were approved, established and adopted.

At the hearing on the motion to fix fees, plaintiff's counsel, who was the movant requesting an allowance of reasonable counsel fees for his services, elected not to be a witness under oath but to make a statement to the court. The Judge stated that he would not require counsel to take an oath, and defendants' counsel was deprived of the right to cross-examine him under oath as to the nature, extent, or value of the services performed.

In reference to the statements made by plaintiff's counsel, the court said:

"I will not consider it evidence, as such. As a summary, a professional statement of an officer of my court, as to what he did or didn't do insofar as to what it relates, depending upon my opinion in the matter, and I don't know about that until I have heard the entire thing. You are right, it is not evidence as such, and he has chosen to take the position that I not consider it as evidence, because he has chosen not to be cross examined. Therefore, he has taken the position, correct me if I am wrong, that he stands on the Rule—the long-standing rule of this and

other courts—that what he told me was by way of explanation of his position and that will only serve as kind of an opening statement to help understand the testimony you will submit through Mr. Huston.''

Mr. Huston, who was counsel for the defendants, then took the witness stand under oath and testified as to work of defendants' counsel but gave no testimony from which the extent of services performed by plaintiff's counsel could be determined. Why Mr. Huston took the stand at all we are not sure we understand.

This appeal is on questions of law, and notice of appeal was timely filed from the judgment of September 22, 1965, *supra*, which fixed the fees. Provision (2) of the Order of Distribution as filed July 16, 1965, *supra*, ordered the clerk to retain an amount for fees pursuant to rule of court but by its provisions such order was temporary only pending further order of the court, following hearing on the motion to fix fees, and as such it was not a final appealable order insofar as it pertained to the fixing of counsel fees. Thus, the defendants have appealed from the first order pertaining to fees, which was final and appealable.

Section 5307.25, Revised Code, provides:

''Having regard to the interest of the parties, the benefit each may derive from a partition, and according to equity, the Court of Common Pleas shall tax the costs and expenses which accrue in the action, including reasonable counsel fees, which must be paid to plaintiff's counsel unless the court awards some part thereof to other counsel for services in the case for the common benefit of all the parties; * * *.''

This section is analogous to Section 2113.36, Revised Code, which provides in part:

''* * * When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof. * * *''

Both statutes provide for the fixing of reasonable attorney fees, Section 5307.25 by the Common Pleas Court in partition

actions, and Section 2113.36 by the Probate Court in administration of estates. Because of the analogy, the cases applicable to one would likewise be applicable to the other.

Courts are vested with inherent power to establish rules regulating their proceedings and facilitating the administration of justice, providing that such rules do not contravene either the organic law or a valid statute, and they must be reasonable in their operation. See *Meyer* v. *Brinsky*, 129 Ohio St. 371.

The statutory provision for allowance of reasonable attorney fees means that reasonable attorney fees shall be based upon the actual services performed by the attorneys and upon the reasonable value of those services. The burden is upon the attorney rendering the services for which he is to be compensated to introduce into the record sufficient evidence of the services performed to justify reasonable attorney fees in the amount awarded. See *In re Estate of Verbeck*, 173 Ohio St. 557. Also, see, *Watters* v. *Love, Admr.*, 1 Ohio App. 2d 571, motion to certify overruled (No. 39758) December 8, 1965.

Where a judicial determination is required to fix the amount to be paid, the determining factor is the *reasonable* value of the attorney's services. This determination cannot be arrived at in a *controverted* case solely by the application of a predetermined formula of percentages of the appraised value or of proceeds of sale. See *In re Estate of Hickok*, 159 Ohio St. 282, at page 284 in the *per curiam* opinion.

Further, in a controverted case, to deny to those defendants, from whose assets compensation will be deducted and paid, the right to cross-examine plaintiff's counsel under oath as to the nature, extent and value of his services for which reasonable compensation is to be allowed, constitutes error prejudicial to those defendants, the appellants herein. See, *In re Estate of Hickok, supra.*

The record before us is not such that the reasonable value of the services of plaintiff's counsel can properly be determined. It is our finding that, in this controverted case, the Common Pleas Court erred as follows:

1. In not requiring from plaintiff's counsel some evidence of the services rendered and evidence of the reasonable value of such services, in addition to the file in the Common Pleas

Court. As recognized by the court, in the court's statement quoted, *supra*, the statements of counsel which were not under oath were not evidence.

2. By denying to the defendants the right of cross-examination under oath of plainitff's counsel as to the nature, extent and value of the services rendered.

3. In arriving at a determination of the reasonable value of services rendered solely by application of a court rule setting forth a predetermined formula based upon percentages of sale value.

From the record, it is our finding that the judgment was against the manifest weight of the evidence and contrary to law. We have no means of determining, and do not determine, what the allowance for reasonable attorney fees should be. Section 5307.25, Revised Code, places exclusive original jurisdiction to determine reasonable counsel fees in the Common Pleas Court. Appeal can only be had on questions of law. Upon reversal, where there is prejudicial error and the judgment is either against the manifest weight of the evidence or contrary to law, this court cannot modify and enter final judgment, but the cause must be remanded to the Common Pleas Court for rehearing and further proceedings according to law.

For the reasons stated, the judgment is reversed and this cause is remanded to the Common Pleas Court for rehearing and further proceedings according to law.

*Judgment reversed and cause remanded.*

McLAUGHLIN and VAN NOSTRAN, JJ., concur.