**ESTATE OF COGAN.**

[Cite as *In re Estate of Cogan* (1997), 123 Ohio App.3d 186.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72334.

Decided Oct. 6, 1997.

*Charles N. Higgins, Jr.*, for appellee.

*John M. Drain*, for appellant.

---

*Per Curiam.*

This accelerated appeal arises from the judgment of the Cuyahoga County Probate Court denying a motion to surcharge the executor and granting the final account of the plaintiff-appellee, estate of Charles Cogan.

Charles Cogan died testate on October 31, 1995, naming John Bosco ("executor") as executor of his estate. The estate consisted of a bank account in the amount of $942.20 and a residence, which was sold for $45,100. Out of the sale of this residence, the lienholders and mortgagees were paid, including the executor's lien, which was filed before the decedent died, for legal services in the amount of $5,500. As a result, the estate was rendered insolvent. However, there remained outstanding an unsecured claim from the funeral home for $5,837.70.

The funeral home filed a motion to remove the executor of the estate, charging him with neglect of duty under R.C. 2109.24. A hearing was held, and during the hearing, the executor voluntarily resigned. Defendant-appellant, John Drain ("defendant"), was appointed administrator of the estate and thereafter filed a motion to surcharge the former executor. A hearing on this motion was held before a probate court magistrate, who denied the motion and approved the final accounting of the estate. The probate court adopted this recommendation and this appeal followed.

In his first assignment of error defendant states as follows:

"The trial court failed to comply with the mandatory requirements of R.C. 2117.01 et seq. directing payment of a debt owed by the estate to the executor of the estate."

Defendant argues that R.C. 2117.01 and 2117.02 require the executor of an estate to submit any claim he has to the probate court for allowance. Applying this reasoning to the instant case, defendant claims that the executor did not present his claim for $5,500 to the probate court for allowance and thus the amount should be paid back to the estate.

The executor maintains that his claim was a recorded mortgage lien on the decedent's residence filed before the decedent died and is a secured claim. He asserts that a secured claim does not have to be presented to the probate court for allowance, in contrast to an unsecured claim, and therefore R.C. 2117.01 and 2117.02 do not bar payment of his claim.

The executor filed his mortgage lien against the residence before decedent died. This action classified him as a secured creditor. Decedent died testate, and the executor distributed the proceeds of the estate, paying off all liens, mortgages, and judgments filed against the residence. After this initial distribution, the estate became insolvent and the funeral home's claim went unpaid. However, the record also reveals that the executor did not make an application to probate court to allow his claim to be paid, in violation of R.C. 2117.01. Therefore, we are presented with a question of form over substance: Should the executor have made an application to the probate court for allowance even though his claim was secured as a result of a pre-existing lien?

R.C. 2117.01 pertains to debts due an executor and states:

"No part of the assets of a deceased shall be retained by an executor or administrator in satisfaction of his own claim, until it has been proved to and allowed by the probate court. Such debt is not entitled to preference over others of the same class."

R.C. 2127.38 governs the distribution of proceeds from the sale of real estate following action by an executor. The relevant subsections provide that the proceeds should (1) cover the costs and expenses of the sale, (2) pay all taxes, interest, penalties, and assessments, and (3) then pay all mortgages and judgments according to their priority as liens.

There is no case law on point, so we will construe principles enunciated in similar cases. In *Nolan v. Kroll* (1930), 37 Ohio App. 350, 351, 174 N.E. 750, 750, the court held that when an executor sells real estate for the payment of debts, judgment liens and mortgages incurred prior to decedent's death must be paid from the proceeds of the sale. This must be done prior to the application of such proceeds to the payment of other claims and debts of the estate, except for the payment of costs and expenses in the sale and administration. More recently, in *Estate of Durr* (1992), Portage App. No. 92–P–0029, unreported, 1992 WL 267419, the court held that where an executor sells real estate, the lienholders should be paid from the proceeds of the sale and their liens should be satisfied prior to the distribution of any remaining proceeds. These cases establish the principle that a lienholder's claims should be paid before unsecured creditors' claims when an executor sells real estate.

██ Other courts have held that probate statutes should not be used to circumvent the rights of secured creditors. *Estate of Fleisch* (1996), Hamilton App. No. C–950282, unreported, 1996 WL 539797. In addition, where the rights of the parties are not clearly defined in law, broad equitable principles of fairness apply and will determine the outcome of each case individually. *Blackwell v.*

*Internatl. Union, U.A.W.* (1984), 21 Ohio App.3d 110, 112, 21 OBR 117, 119–120, 487 N.E.2d 334, 337–338.

■ In the present case, the executor's lien on the residence of the decedent, establishing him as a secured creditor, was filed prior to decedent's death. Although the executor did not request an allowance of his claim from the probate court, pursuant to R.C. 2117.01, he nonetheless was still able to have his claim satisfied. R.C. 2117.01 states that an executor's claim must be "proved to and allowed by the probate court." Presumably, the executor's claim was proved to and allowed by the probate court when the executor presented the accounting of the estate to the probate court. The probate court did not object to the final accounting, and there is no evidence that the executor was hiding his claim or participating in any self-dealing, which is what R.C. 2117.01 attempts to prevent. Although the executor should have proceeded more cautiously by presenting his claim to the probate court, his status as a secured creditor and the lack of evidence of self-dealing preserves his claim. Accordingly, defendant's first assignment of error is overruled.

Defendant's last two assignments of error are interrelated and will be addressed together. They state as follows:

"The trial court erroneously employed R.C. 2127.38 to allow for payment of debts of the decedent including payment of debt to the executor contrary to the provisions of R.C. 2117.01 et seq. and R.C. 2117.25."

"The trial court failed to comply with R.C. 2117.25 as to the order in which debts of the decedent are paid."

■ Defendant argues initially that the trial court erred by allowing the executor to distribute the assets of the estate pursuant to R.C. 2127.38 without first complying with R.C. 2127.011, which mandates that legatees give written consent before an executor is allowed to sell real estate from an estate.

However, this applies only to decedents who die intestate. In the instant case, the decedent died testate and the executor was given a testamentary power of sale in the will. Thus, the executor did not have to obtain the consent of any legatee before he sold decedent's residence.

■ Next, defendant argues that R.C. 2117.25 and 2127.38 are in conflict and that the trial court erred by relying on the latter statute and disregarding the former statute. This issue was addressed in *Kroll, supra,* and there the court stated that the predecessors of these two statutes must be construed together and held that these statutes provide that mortgage indebtedness shall be paid from the proceeds of the sale of real estate before payment of funeral expenses.

Applying this reasoning to the instant case, the executor properly distributed the proceeds from the sale of decedent's residence. Therefore, defendant's second and third assignments of error are overruled.

*Judgment affirmed.*

KARPINSKI, P.J., PATTON and ROCCO, JJ., concur.