[Cite as *Seese v. Clark*, 2016-Ohio-3443.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FRAN SEESE | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GARRY CLARK, et al. | : | Case No. 15 CAE 10 0087 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                  Court of Common Pleas, Case No.
                                  14 CV-H-02-0150


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 June 13, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BARRY A. WALLER                           THOMAS M. TYACK
Fry, Waller & McCAnn Co., L.P.A.          The Tyack Law Firm Co., L.P.A.
35 East Livingston Avenue                 536 South High Street
Columbus, Ohio 43215                      Columbus, Ohio 43215

*Baldwin, J.*

{¶1} Defendant-appellant Garry Clark appeals from the September 29, 2015 Judgment Entry of the Delaware County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2} On February 25, 2014, appellee Fran Seese filed a complaint seeking partition of real property owned as tenants in common with appellant Garry Clark. Third Federal Savings and Loan Association of Cleveland had a valid mortgage lien on the property. In the second count of her complaint, appellee sought an order from the trial court requiring appellant to account for the monies he claimed that he had paid for the acquisition and maintenance of the subject real property. The third count of the complaint asked for allocation with respect to personal property located on the real property.

{¶3} A bench trial was held on June 4, 2015[1]. At the bench trial, appellee testified that she was a retired accountant who was living in a condominium at 391 Day Light Lane in Powell, Ohio. Prior to 2002, appellee was dating appellant. Appellee testified that the two decided to purchase a condominium together. Each put $8,000.00 down on the condominium, which cost $167,400.00, and agreed to equally split the expenses thereafter, including condo dues, utilities, repairs, the mortgage payment and real estate taxes. Appellee signed the promissory note to purchase the property while appellant did not because appellant did not have good credit. Both of their names appear on the general warranty deed and both signed the mortgage. Starting in 2002, the two occupied the condominium. In either late July or early August of 2012, appellant moved out of the condominium.

---

[1] The parties indicate that the third count of the complaint was dealt with without the necessity of a hearing.

{¶4}   At the bench trial, appellee testified that appellant did not start making payments until July of 2009 when he started paying $750.00 a month. According to her, the $750.00 was not intended to be one-half of the mortgage payment, but was for "utilities and such." Transcript at 23. . Appellant paid no money to appellee before July of 2009 and, from 2002 to 2009, appellant did not pay the gas bill, the electric bill or the mortgage payment.  Although appellant did not make payments until 2009, he agreed with appellee to make up the monies he had not paid for all the previous years. Appellant, according to appellee, never did. At trial, she testified that, as shown by a spreadsheet prepared by appellee that was admitted as Exhibit 3, she paid a total of approximately $191,000.00 to Third Federal, $31,848.00 in condominium fees, $6,181.00 for gas, $8,883.00 for electric and $4,720.00 for insurance. She further testified that she paid for repairs to the property.

{¶5}   Appellant testified at the bench trial that he lived with appellee in the condominium from 2002 through some time in 2012 and that he paid nothing towards the mortgage, the condominium fees, or for electric or  gas. Appellant testified that he paid for repairs to the condominium, but lacked documentation.  Appellant further testified that prior to paying appellee $750.00 a month starting in July of 2009, he gave appellee cash. However, appellant did not know how much cash he had given appellee or when he gave it to her. Appellant did not have any proof, such as a receipt, that he paid cash.

{¶6}   At trial, appellee's Exhibit 3, the spreadsheet prepared by her, was admitted as an exhibit. Exhibit 3 shows that through July of 2012, the date that appellant vacated the property, appellee paid $152,467.30 in mortgage payments, $23,363.00 in condominium dues, $3,772.89 in gas bills and $5,580.02 in electric bills. Appellee also

paid insurance in the amount of $2,872.75 and repairs in the amount of $785.66. The total of all of the above is $188,841.62.

**{¶7}** The trial court, pursuant to a Judgment Entry filed on June 29, 2015, concluded that appellee paid $188,055.86[2] during the 10 years while the parties lived together while appellant paid $27,750.00. The trial court further found that had the parties contributed equally, they would each have paid $94,027.93, but that appellant fell short by $66,277.93. The trial court ordered that the property be appraised and that either party could claim the property at the appraised value or the property would be sold and appellee would receive $66,277.93 more from the sale proceeds than appellant. Finally, in accordance with R.C. 5307.25, the trial court found that appellee's attorney fees should be paid by appellant. A Nunc Pro Tunc Judgment Entry was filed on July 19, 2015.

**{¶8}** On July 30, 2015, an appraisal was filed indicating that the three appraisers had determined that the property had a fair market value of $174,000.00. The appraisal indicated that the appraisers did not gain entry to the property. Appellee, on August 5, 2015, filed an Election to Take the Estate at the Appraised Value. On August 17, 2015, Third Federal Savings and Loan Association of Cleveland filed a notice and affidavit stating that the amount due on its mortgage was $111,415.32 plus interest.

**{¶9}** The trial court, as memorized in a Judgment Entry filed on September 29, 2015, awarded appellee sole ownership rights to the subject real estate and directed the Sheriff to prepare a new deed for the property. The trial court further ordered appellee to submit an affidavit in support of her claim for attorney fees. Appellee filed a memorandum

---

[2] The trial court declined to award appellee $785.66 for the cost of home repairs because appellee paid for the repairs after appellant had vacated the premises.

in support of an award of attorney fees on October 28, 2015 along with an affidavit. Appellant never responded.

{¶10} Appellant, on October 28, 2015, then filed a Notice of Appeal from the trial court's September 29, 2015 Judgment Entry. The trial court, via a Judgment Entry filed on November 25, 2015, awarded appellee judgment against appellant in the amount of $2,647.00 "for the cost of the reasonable legal services provided by the plaintiff's attorney for the benefit of all parties."

{¶11} This Court, pursuant to a Judgment Entry filed on March 15, 2016, remanded the case to the trial court for the purpose of having the trial court re-enter its award of attorney fees. We indicated that we would then treat the Notice of Appeal as a premature Notice of Appeal as if it had been filed immediately after the trial court's attorney fee entry issued during the remand.

{¶12} Thereafter, the trial court, on March 15, 2016, filed a new Judgment Entry on the issue of attorney fees.

{¶13} Appellant now raises the following assignments of error on appeal:

{¶14} I.   THE TRIAL COURT ERRED IN ACCEPTING THE APPRAISAL WHEN THE APPRAISERS WERE NOT GRANTED ACCESS TO THE INTERIOR OF THE REAL ESTATE.

{¶15} II.   GIVEN THE FACT THAT THE SOLE DEBT ON THE REAL ESTATE WAS A MORTGAGE AND NOTE SIGNED ONLY BY THE PLAINTIFF, THE TRIAL COURT ERRED IN OFFSETTING FUNDS FOR PAYMENTS ON THE MORTGAGE, INSURANCE, UTILITIES, ETC. AGAINST THE VALUE OF THE DEFENDANT'S UNDIVIDED ONE-HALF INTEREST IN THE REAL ESTATE.

{¶16} III.  THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES TO THE PLAINTIFF FROM THE DEFENDANT.

I

{¶17} Appellant, in his first assignment of error, argues that the trial court erred in accepting the appraisal when the appraisers did not inspect the interior of the condominium.

{¶18} We note that, as is stated above, on July 30, 2015, an appraisal was filed indicating that the three appraisers had determined that the property had a fair market value of $174,000.00 and that they did not gain entry to the property. At no point did appellant file any type of objection to the appraisal or seek a reappraisal.

{¶19}  We note that errors which arise during the course of a trial, which are not brought to the attention of the trial court by objection or otherwise, are waived and may not be raised upon appeal. *Stores Realty Co. v. Cleveland,* 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975).  Moreover, the condominium was appraised in accordance with R.C. 5307.09. A court presumes that commissioners valuing property subject to a writ of partition act in good faith and with judgment and discretion, absent contrary evidence. *Sword v. Sword,* 86 Ohio App.3d 161, 620 N.E.2d 199 (12th Dist. 1993). There is no such contrary evidence in this matter.

{¶20}  Appellant's first assignment of error is, therefore, overruled.

II

{¶21}  Appellant, in his second assignment of error, argues that the trial court erred in offsetting funds for payments on the mortgage, utilities and other real-estate related

expenses against the value of appellant's undivided one-half interest in the real estate when the note was only signed by appellee.

{¶22} In the case sub judice, there was testimony that both parties put $8,000.00 down on the condominium and agreed to equally split the expenses thereafter, including condominium dues, utilities, repairs, the mortgage payment and real estate taxes. There was testimony that because appellant's credit was not good, only appellee signed the promissory note. Both parties signed the mortgage and the names of both parties appear on the general warranty deed. Appellant, however, failed to pay his equal share.

{¶23} As noted by the court in *McCarthy v. Lippett* 150 Ohio App.3d 367, 77781 N.E.2d 1023, 2002 -Ohio- 6435 at paragraph 22:

Although the right to partition is controlled by statute, it has long been held to be essentially equitable in nature." *Bryan v. Looker* (1994), 94 Ohio App.3d 228, 231, 640 N.E.2d 590, citing 1028 *Russell v. Russell* (1940), 137 Ohio St. 153, 157, 17 O.O. 506, 28 N.E.2d 551. "[W]here the rights of the parties are not clearly defined in law, broad equitable principles of fairness apply and will determine the outcome of each case individually." *In re Estate of Cogan* (1997), 123 Ohio App.3d 186, 188, 703 N.E.2d 858.

{¶24} We concur with appellee that the trial court, by crediting her for the payments she made, prevented the unjust enrichment of appellant. As noted by the trial court in its July 9, 2015 Nunc Pro Tunc Judgment Entry, "As for the years when the parties shared the home, their apparent intention to divide equally all household expenses appears not to have been fulfilled, Plaintiff Seese bore the lion's share of the expenses, …" The trial court further stated that it believed that appellee's "outsized financial

contributions to the upkeep of the home during those years should be recognized in any division of the parties' joint asset now."

**{¶25}** Appellant's second assignment of error is, therefore, overruled.

III

**{¶26}** Appellant, in his third assignment of error, argues that the trial court erred in awarding attorney fees to appellee.

**{¶27}** R.C. 5307.25 provides as follows:

Having regard to the interest of the parties, the benefit each may derive from a partition, and according to equity, the court of common pleas shall tax the costs and expenses which accrue in the action, *including reasonable counsel fees, which must be paid to plaintiff's counsel unless the court awards some part thereof to other counsel for services in the case for the common benefit of all the parties;* and execution may issue therefor as in other cases. (Emphasis added).

**{¶28}** In an action for partition, a trial court is not permitted to make an award of attorney fees under R.C. 5307.25 unless the services rendered by counsel seeking the fees were rendered for the common benefit of all the parties. *Hawkins v. Hawkins*, 11 Ohio Misc.2d 18, 20, 464 N.E.2d 199 (Clermont C.P. 1984), following *Young v. Young*, 55 Ohio St. 125, 45 N.E. 57 (1896). A trial court's determination to grant or deny a request for attorney fees will not be disturbed absent an abuse discretion. *Motorist Mut. Ins. Co. v. Brandenburg*, 72 Ohio St.3d 157, 159, 648 N.E.2d 488 (1995). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶29}** Appellee, in the case sub judice, submitted an affidavit from her attorney stating that appellee had incurred a total of $13,287.00 in legal fees. The trial court ordered appellant to pay $2,647.00 of those fees. The trial court, in its March 15, 2016 Judgment Entry, stated, in relevant part, as follows:

I conclude that defendant Clark should pay $2,647 of the plaintiff's legal expenses. That amount includes $1,647 billed by the plaintiff's attorney for the legal services that he provided to the plaintiff before the complaint in this case was filed, plus the $1,000 amount billed by the plaintiff's attorney for the legal services that he provided to the plaintiff in preparing and filing the complaint itself. Those legal fees were reasonable for the services provided, and those services benefitted all parties.

**{¶30}** We cannot say that the trial court abused its discretion. The trial court's decision was not arbitrary, unconscionable or unreasonable. We note that trial court refused to award appellee attorney fees that were incurred once litigation was underway, finding that he could not say that the "legal services provided to the plaintiff by her attorney benefitted all parties."

**{¶31}** Appellant's third assignment of error is, therefore, overruled.

{¶32} Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.