[Cite as *Haynes v. Haynes*, 2021-Ohio-4507.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MICHELLE HAYNES

     Plaintiff-Appellee

-vs-

RICHARD HAYNES

     Defendant-Appellant

JUDGES:
Hon. Craig R. Baldwin, P.J.
Hon. William B. Hoffman, J.
Hon. Patricia A. Delaney, J.

Case No. 2021 CA 00036

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Case No. 2015 CV 00729 |
| JUDGMENT: | Affirmed in part; Reversed in part; and Remanded |
| DATE OF JUDGMENT ENTRY: | December 20, 2021 |

APPEARANCES:

For Plaintiff-Appellee

KRISTIN F. ROSAN
TAYLOR P. WATERS
MADISON AND ROSAN, LLP
39 East Whittier Street
Columbus, Ohio 43206

For Defendant-Appellant

RICHARD R. HAYNES
352 National Road
Hebron, Ohio 43025

*Hoffman, J.*

{¶1}   Defendant-appellant Richard Haynes appeals the April 22, 2021 Judgment Entry entered by the Licking County Court of Common Pleas, which ordered him to pay attorney fees to plaintiff-appellee Michelle Haynes.[1]

STATEMENT OF THE CASE[2]

{¶2}   On August 27, 2015, Appellee filed a Complaint for Partition of Real Estate, naming her brothers, Appellant and James Haynes ("Haynes") as defendants.   The parties were tenants-in-common of property located at 13638 National Road, Thornsville, Ohio, each owning an undivided one-third interest in fee simple in the property.

{¶3}   On February 29, 2016, Appellee filed a motion for summary judgment. Appellant and Haynes filed an objection on March 16, 2016.  Appellee filed a reply in support of her motion on March 28, 2016.  Via Memorandum of Decision filed April 4, 2016, the trial court granted Appellee's motion for summary judgment and ordered counsel for Appellee to submit a judgment entry.  On June 9, 2016, the trial court issued a judgment entry ordering partition.  Appellant filed a Notice of Appeal from the June 9, 2016 judgment entry.   Upon Appellant's motion, the trial court stayed the judgment pending the Appeal.

{¶4}   The Commissioner filed a Report on July 20, 2016, valuing the property at $115,000.00.  On September 28, 2016, Appellee filed a motion requesting the trial court adopt the Commissioner's Report and issue an Order of Sale.  Via Judgment Entry filed November 2, 2016, the trial court adopted the Commissioner's Report and issued an Order of Sale in Partition.  This Court dismissed Appellant's Appeal of the June 9, 2016

---

[1] Appellee has not filed a brief in this matter.
[2] A statement of the facts underlying this case is not necessary for our resolution of this Appeal.

Judgment Entry for lack of a final, appealable order. *Haynes v. Haynes*, 5th Dist. Licking No. 16-CA-49, 2017-Ohio-49.

{¶5} On April 3, 2018, Appellee filed a motion for costs and expenses pursuant to R.C. 5307.25. The trial court conducted a hearing on the motion on April 26, 2018. Via Judgment Entry filed April 30, 2018, the trial court ordered costs and expenses in the amount of $4,548.25, and attorney fees in the amount of $8,912.28, be assessed from the sale proceeds of the property.

{¶6} The trial court confirmed the sale of the property and ordered distribution of the proceeds via Judgment Entry filed October 16, 2019. On October 30, 2019, Appellant filed a motion for a temporary stay of the judgment entry confirming the sale, a motion for a court hearing "to review evidence that the private auction sale of the property . . . was conducted illegally," and a Civ. R. 60(B) motion for relief from judgment. Appellee filed a motion to strike Appellant's motion for temporary stay and a memorandum contra Appellant's Civ. R. 60(B) motion. The trial court conducted a hearing on Appellant's Civ. R. 60(B) motion on December 2, 2019. Via Judgment Entry filed December 19, 2019, the trial court denied Appellant's motion for relief from judgment.

{¶7} On January 23, 2020, Appellee filed a motion seeking costs and expenses which she incurred subsequent to the trial court's April 30, 2018 Judgment Entry, ordering costs and expenses as well as attorney fees be assessed from the sales proceeds of the property. Appellant filed a motion to quash on February 6, 2020. The trial court conducted a hearing on both motions on February 24, 2020. Upon conclusion of the hearing, the trial court took the matter under advisement. Via Judgment Entry filed April

22, 2021, the trial court ordered costs and expenses in the amount of $5,578.55, be divided equally between the three co-tenants, Appellee, Appellant, and Haynes.

{¶8} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE COURT OF COMMON PLEAS LACKED AUTHORITY TO MAKE AN AWARD OF ATTORNEY FEES UNDER R.C. 5307.25 FOR SERVICES RENDERED BY APPELLEE'S COUNSEL IN OPPOSING ADVERSARIAL PROCEEDINGS AFTER ENTRY OF THE FINAL ORDER CONFIRMING THE SALE OF THE REAL ESTATE. (R. 76)

II. THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION WHEN IT AWARDED THE ENTIRE AMOUNT OF ATTORNEY FEES REQUESTED BY APPELLEE WITHOUT REQUIRING EVIDENCE OF THE ACTUAL SERVICES PERFORMED BY APPELLEE'S COUNSEL IN OPPOSING APPELLANT'S POST-CONFIRMATION MOTIONS AND THE NECESSITY AND REASONABLE VALUE OF THOSE SERVICES. (R. 76).

I

{¶9} In his first assignment of error, Appellant contends the trial court lacked authority to award attorney fees under R.C. 5307.25 as the fees were incurred for services rendered after the trial court issued the final order of confirmation.

{¶10} R.C. 5307.25 provides as follows:

Having regard to the interest of the parties, the benefit each may derive from a partition, and according to equity, the court of common pleas shall tax the costs and expenses which accrue in the action, including reasonable counsel fees, which must be paid to plaintiff's counsel unless the court awards some part thereof to other counsel for services in the case for the common benefit of all the parties; and execution may issue therefor as in other cases.

{¶11} In an action for partition, a trial court is not permitted to make an award of attorney fees under R.C. 5307.25 unless the services rendered by counsel seeking the fees were rendered for the common benefit of all the parties. *Hawkins v. Hawkins,* 11 Ohio Misc.2d 18, 20, 464 N.E.2d 199 (Clermont C.P. 1984), following *Young v. Young,* 55 Ohio St. 125, 45 N.E. 57 (1896). Further, R.C. 5307.25 requires the attorney fees "accrue in the action." A trial court's determination to grant or deny a request for attorney fees will not be disturbed absent an abuse discretion. *Motorist Mut. Ins. Co. v. Brandenburg,* 72 Ohio St.3d 157, 159, 648 N.E.2d 488 (1995). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶12} In its April 22, 2021 Judgment Entry, the trial court specifically found:

The Court must take into consideration the benefits of the various parties and decide the issue "according to equity." See also <u>Seese v. Clark</u>, 2016-Ohio-3443 (Fifth District, Delaware County).[3]

The Court finds the action of [Appellee] and [Appellee's] counsel to contest the challenge to the confirmation entry, as well as the motion for relief from judgment or motion for stay of the sale constitute a benefit for all of the parties and is properly subject to a taxation of costs as set out in Section 5307.25 of the Revised Code. *Id.* at 2.

{¶13} In this case, the trial court confirmed the sale and ordered the proceeds distributed to the parties via Judgment Entry filed October 16, 2019. In challenging the legality of the auction and requesting relief from judgment, Appellant was, in essence, attempting to undermine the finality of the sale. The parties have a legitimate interest in having the sale confirmed and the matter concluded. The Ohio Revised Code favors preserving the finality of judgment once the confirmation of sale is filed. See, R.C. 5721.39(E). The attorney fees Appellee incurred in protecting the finality of the judgment benefited all of the parties. Further, because Appellant was contesting the sale, any attorney fees incurred in defending the sale accrued in the action pursuant to R.C. 5307.25. Accordingly, we find the trial court did not abuse its discretion in awarding attorney fees.

{¶14} Appellant's first assignment of error is overruled.

II

---

[3] *Seese v. Clark*, 5th Dist. Delaware No. 15 CAE 10 0087, 2016-Ohio-3443.

{¶15} In his second assignment of error, Appellant asserts the trial court abused its discretion in awarding the entire amount of attorney fees requested without evidence of the necessity and reasonable value of the services.

{¶16} While the entitlement to and amount of attorney fees awarded lies within the sound discretion of the trial court, it is incumbent upon the party seeking attorney fees to establish the amount and reasonableness of such fees. *Drake v. Menczer* (1980), 67 Ohio App. 2d 122.

{¶17} Although R. C. 5307.25 permits a trial court to award "reasonable counsel fees," the statute requires the trial court, in doing so, have "regard to the interest of the parties, the benefit each may derive from a partition, and according to equity." This, of necessity, requires the objecting party be given notice and the opportunity to be heard.

{¶18} In *Glimcher v. Doppelt* (1966), 5 Ohio App.2d 269, this Court addressed an award of attorney fees pursuant to R.C. 5307.25:

> The statutory provision for allowance of reasonable attorney fees means that reasonable attorney fees shall be based upon the actual services performed by the attorneys and upon the reasonable value of those services. The burden is upon the attorney rendering the services for which he is to be compensated to introduce into the record sufficient evidence of the services performed to justify reasonable attorney fees in the amount awarded. * * *
>
> Where a judicial determination is required to fix the amount to be paid, the determining factor is the *reasonable* value of the attorney's

services. This determination cannot be arrived at in a *controverted* case solely by the application of a predetermined formula of percentages of the appraised value or of proceeds of sale. * * *

Further, in a controverted case, to deny to those defendants, from whose assets compensation will be deducted and paid, the right to cross-examine plaintiff's counsel under oath as to the nature, extent and value of his services for which reasonable compensation is to be allowed, constitutes error prejudicial to those defendants, the appellants herein. *Id.* at 273 (Emphasis added).

**{¶19}** At the February 24, 2020 hearing on Appellee's Motion for Costs and Expenses and Oral Hearing, Appellant challenged the amount of the attorney fees Appellee was requesting, asserting Appellee's request "should not include all the fees listed in [her] motion." Tr. at 5. Although Appellant did not make a specific objection to the reasonableness and the necessity of the fees requested, we find his comment is sufficient to challenge the reasonableness and necessity of said fees. Accordingly, we remand the matter to the trial court for a hearing on the reasonableness and necessity of the fees which were awarded.

**{¶20}** Appellant's second assignment of error is sustained.

**{¶21}** The judgment of the Licking County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.

Baldwin, P.J.  and

Delaney, J. concur