## BROADSWORD v McCLELLAN et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 30, 1934

Nicholson & Warnock, Youngstown, for plaintiff in error.

R. R. Miller, Youngstown, for defendants in error.

## OPINION

By ROBERTS, J.

It is the contention of the plaintiff in error that the election of Winans to take the premises at the appraised value was void and should be set aside, that the court, under the circumstances, was without authority to make the entry directing the sheriff not to make a deed to the plaintiff in error, and in overruling the motion of the plaintiff in error before mentioned.

Under the subject of "Partition," §12034 GC, reads as follows:

"Commissioners to appraise land when they cannot divide it. When the commissioners are of opinion that the estate can not be divided according to the demand of the writ, without manifest injury to its value, they shall return that fact to the court with the just valuation of the estate. If the court approves of the return and one or more of the parties elects to take the estate at such appraised value, it shall be adjudged to him or them upon his or their paying to the other parties their proportion of its appraised value, according to their respective rights or securing it, as hereinafter provided."

It is thus provided by the statute that where a return is made that the property can not be divided without manifest injury to its value, and the court approving the return, one or more of the parties electing to take the property, it shall be adjudged to such party so electing.

Thus this undoubtedly gives the right of election to a person who is a party to make election, or to two or more parties who agree jointly to make the election. If two or more parties each adverse to the other, claim the right to make an election to take the property at the appraised value, a situation is presented for which there is no express provision of the statutory law.

This is the situation presented in this case, the court having permitted both the plaintiff in error and the defendant Winans to make conflicting elections.

It is the contention of the plaintiff in error that he, having first made an election, was entitled to the property. Concededly his rights previous to making the election were no better or greater than any other joint owner, party to the action, but it is claimed that he, by making the first election, secured a prior right and another party could not subsequently make an election and be entitled to the premises, the claims of these two parties being conflicting.

It will be observed that the plaintiff in error, evidently having information in some way of the time of the filing of the report of the commissioners, immediately or the same day made his election, and it was approved by the court the day following. It is further apparent that this manner of procedure in this case, where there were some forty parties scattered, so far as their residences were concerned, over a considerable extent of territory, would not have an opportunity to gain knowledge of this election of the plaintiff in error, and make an election prior to or at the same time his election was made.

It seems to be reasonable that all of the parties should be recognized in their equal rights in this respect, and should have a reasonable time in which to make a like election, which, if properly made, would concededly result in a sale of the property by the sheriff and division of the proceeds.

But little authority is found upon this proposition. In the case of **Burch and Thatcher v Brooks et, 15 O.C.C. Rep. 443,** the syllabus reads as follows:

"It is not error in an action for partition for the court to refuse to accept inconsistent and conflicting elections by parties in interest and in lieu thereof to adopt the procedure of ordering a sale."

It is said in the opinion, on page 444:

"The statute is a blank as to what proceedings shall be taken in case of conflicting elections. In speaking of one or more of the owners electing to take the

property and the order of the court for a deed to such purchaser electing, the legislature either contemplated the individual election by one of the tenants in common, or the joint election by one or more, but it did not contemplate the election by one to take the whole of the property for himself and the election by another to do the same, because, of course, that sort of proceeding would defeat itself. It would be impossible to carry it out, and under such circumstances the courts have, I think, uniformly adopted the procedure of ordering a sale refusing all conflicting elections. The question does not seem at any time to have reached the Supreme Court, but so far as I am advised, the lower courts have taken the course stated."

This case was affirmed by the Supreme Court without opinion; **82 Oh St, 441.**

It is urged on behalf of the plaintiff in error in this case that Winans, who had only a very small interest in this property, was not acting in good faith in making the election; that he had some deal or understanding with another party for whom perhaps he was attempting to secure the property or force it to a sale, with an opportunity for the public to bid thereon. In the syllabus in the case just cited it is said:

"Bad faith can not be assumed upon an election to take by a party in interest who is without means of his own with which to make good the obligation assumed under an election to take, where it appears that he is able to make arrangements for meeting the obligations through the aid of others."

This defendant, Winans, was exercising a legal right to make an election as a part owner of this property, and such being the fact, the court has no right to be interested in his motives in so doing, whether he desired the property for himself or whether he desired to secure it and dispose of it to someone else, or what the fact may have been in this regard.

So far as matters of this kind have come to the attention of this court, the practice has uniformly been to give a reasonable opportunity to all parties entitled by law so to do to make an election. The few days which elapsed after the election by the plaintiff in error until the election by the defendant Winans was not an unreasonable time. Some question was made of the right of the Court of Common Pleas to set aside part of the decree previously made, as herein before stated. The rule, it is apprehended, is well settled that the court has control of its journal during term, and in this instance had a right to make the entry complained of. The conclusion is reached that there was no reversible or prejudicial error in the proceedings in the Court of Common Pleas, and the judgment of that court is affirmed.

Judgment affirmed.

FARR and LYNCH, JJ, concur in the judgment.