[Cite as *Simballa v. Simballa*, 2019-Ohio-4633.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

MARY CATHERINE SIMBALLA ET AL.,

Plaintiffs-Appellants,

v.

KENNETH A. SIMBALLA ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 CO 0004

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2016-CV-571

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Sean Scullin,* Scullin & Cunning LLC, 940 Windham Court, Suite 4, Boardman, Ohio 44512, for Plaintiffs-Appellants and

*Atty. Timothy Barry,* Fitch, Kendall, Cecil, Robinson, & Barry, 600 East State Street, P.O. Box 590, Salem, Ohio 44460, for Defendants-Appellees.

Dated:  November 7, 2019

_____

**D'APOLITO, J.**

{¶1}   Appellants, Mary Catherine Simballa and Kevin Simballa (sister and brother), appeal from two judgments of the Columbiana County Court of Common Pleas: (1) a February 14, 2018 judgment ordering a partition and determining that a 43-acre parcel is owned by the three Simballa siblings (Mary, Kevin, and their brother Appellee Kenneth Simballa) in equal survivorship shares; and (2) a November 19, 2018 judgment finding that neither Mary's and Kevin's nor Kenneth's election to purchase is entitled to preference and ordering that the property be sold at a public sale.  On appeal, Mary and Kevin assert the trial court erred in finding that Kenneth has an interest in the proceeds from the sale of the 43-acre parcel and in finding that Kenneth's election to purchase 230.84 acres was made in good faith.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Mary, Kevin, and Kenneth are the children and heirs of Richard Simballa, deceased.[1]  Prior to his death, Richard executed a transfer on death designation affidavit in 2005 giving his 230.84 acre farm to his three children in equal shares as tenants in common.  Also prior to his death, Richard designated Mary as a joint holder of his Huntington Bank checking account in 2010 ("farm account").

{¶3}   After Richard's death, his three children utilized funds from the farm account to pay for various farm expenses and carry its operations forward.  Mary, Kevin, and Kenneth sought to enlarge the farm and purchased an adjoining 43-acre parcel at auction in 2014.  The acreage was comprised of two separate parcels.  Mary was the successful bidder on one parcel in which all of the siblings had consented to purchasing prior to the start of the auction.  While at the auction, Kenneth was the successful bidder on the second parcel after he determined that the extra acreage included some good, tillable land.  The record reveals that Kevin's permission was needed to buy that second parcel so Mary called him to get his consent.  Mary paid the entire purchase price for the 43-

---

[1] Richard passed away in 2014.  His wife predeceased him ten years earlier.

acre parcel with two separate checks drawn on the farm account. The deed names Mary, Kevin, and Kenneth as joint tenants with rights of survivorship. (Exhibit 6). Disagreements later arose among the siblings relating to the management and operation of the farm.

{¶4} On October 28, 2016, Mary and Kevin filed a complaint to partition approximately 104 acres against Kenneth and his wife, Appellee Michelle Simballa. On January 31, 2017, Kenneth and Michelle filed an answer and counterclaim to partition approximately 168 acres, which included the 43-acre parcel. On March 3, 2017, Mary and Kevin filed a reply as well as a counterclaim for contribution. Later that month, Kenneth and Michelle filed an answer.

{¶5} On July 20, 2017, Mary filed a motion for summary judgment as to her ownership interest in the 43-acre parcel. On August 29, 2017, Kenneth and Michelle filed a response in opposition in which Kenneth claimed that he was an intended beneficiary of their deceased father's joint checking account, i.e., farm account. Mary filed a reply the following month objecting to the use of hearsay statements. On September 26, 2017, the trial court denied Mary's motion for summary judgment.

{¶6} On October 4, 2017, Kenneth and Michelle filed a motion for partial summary judgment. Mary and Kevin filed a reply two weeks later.

{¶7} A partition hearing was held on November 9, 2017.

{¶8} Mary testified that only she and their deceased father owned the farm account. (11/9/2017 Partition Hearing T.p. 57). Mary claimed for the first time that her brothers had no ownership interest in the 43-acre parcel, despite the fact that the deed contained all three siblings' names. (T.p. 71). Mary also claimed that the plan in her mind was for her brothers to earn their ownership interest in the 43 acres by farming it for her, i.e., through "sweat equity." (*Id.*) Kevin indicated that he does not have an interest in the 43-acre parcel because he did not pay for it. (T.p. 81).

{¶9} According to Kenneth, before their father's passing, Richard told him repeatedly that the assets he owned would be shared equally among his siblings. (T.p. 14). Appellants' counsel raised a hearsay objection, which was overruled by the trial court. (*Id.*) After their father's passing, Kenneth said that Mary asked him and Kevin what they wanted to do with the money in the farm account. (T.p. 17). Kenneth and Kevin told

Mary to leave the account in her name since she would be signing for all the farm bills. (*Id.*) As stated, the 43-acre parcel was comprised of two separate parcels. Kenneth said that Kevin's permission was needed to buy that second parcel so Mary called him to get his consent. (T.p. 24-25). After closing, the property was transferred to all three siblings in joint and survivorship and Kenneth believed all three of them equally owned one-third. (T.p. 27-28).

{¶10} In a February 14, 2018 judgment, the trial court found that Mary, Kevin, and Kenneth each own a separate, undivided one-third interest in the estate.[2] The court found no genuine issues of material fact as to the legal right to partition under Civ.R. 56. The court held that partition is proper pursuant to R.C. 5307.04 and ordered partition of the estate in favor of Mary, Kevin, and Kenneth.

{¶11} In another February 14, 2018 judgment, the trial court stated the following:

[T]he funds in the joint account became subject to Mary's absolute claim at her father's death. But Mary's handling of the account reveals her opinion that at least some of the funds in the account were intended to operate the original farm and to enhance and expand it if the opportunity arose.

The Court finds it significant that Mary made no claim to total ownership of the 43 acres, until such time as there arose conflict between Mary and her brother Kenneth regarding farm operations. Her belated claim of complete ownership of the funds that purchased the 43 acres belies her prior actions with respect to the purchase of that acreage. Her unannounced plan by which her brothers would acquire ownership interests through "sweat equity" does nothing to support her claim of total ownership and effectively undermines it.

The Court determines that the 43-acre parcel is owned by the three Simballa siblings in equal survivorship shares. If nothing else, Mary's actions in authorizing the issuance to a deed to the three siblings in equal

---

[2] The court also found that Kenneth's wife Michelle has an inchoate right of dower in her husband's interest.

shares constituted a gift to each of her brothers of funds from the checking account.

(2/14/2018 Judgment Entry p. 3-4).

{¶12} The 230.84 acre farm was appraised at $720,000. On June 6, 2018, Mary and Kevin elected to purchase Kenneth's one-third interest via certified checks. On July 3, 2018, Kenneth elected to purchase Mary's and Kevin's two-thirds interest via financing.

{¶13} A partition hearing was held on November 1, 2018.

{¶14} Kenneth testified he did not have the cash available in his own account to make the election. (11/1/2018 Partition Hearing T.p. 15). However, Kenneth indicated that he arranged financing through Rusty Kiko from Kiko Auctions prior to making the election. (T.p. 15-18). Rusty Kiko testified that he had the funds available and had agreed to make a loan to Kenneth through a financial firm owned by his auction company. (T.p. 26).

{¶15} On November 19, 2018, the trial court found that neither election is entitled to preference and ordered that the property be sold at a public sale. Specifically, the court stated the following:

> Ohio Revised Code 5307.10 does not give the Court any authority to declare one election superior over another competing election providing that the statutory requirements for each has been met. It does appear that the financial arrangements supporting Kenneth's election would make the transaction slightly more complicated. Nevertheless, the election complies with the statute and the Court finds no bad faith on the part of Kenneth.

(11/19/2018 Judgment Entry p. 3).

{¶16} Mary and Kevin filed the instant appeal and raise two assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT APPELLEE, KENNETH A. SIMBALLA, HAS AN INTEREST IN THE PROCEEDS FROM THE SALE OF THE 43 ACRES.**

Case No. 18 CO 0004

**{¶17}** Mary and Kevin contend the trial court erred in denying her motion for summary judgment and improperly ruled that Kenneth has an interest in the 43-acre parcel following the November 9, 2017 partition hearing.

> "Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 642 N.E.2d 615 (1994), syllabus. After a trial, only legal issues from the summary judgment stage (that are not cured by new facts at trial) survive for appellate review. *Premier Therapy, LLC v. Childs*, 7th Dist. Columbiana No. 14 CO 0048, 2016-Ohio-7934, 75 N.E.3d 692, fn. 2 * * *.

*Shrock v. Mullet*, 7th Dist. Jefferson No. 18 JE 0018, 2019-Ohio-2707, ¶ 41.

**{¶18}** As stated, Mary filed a motion for summary judgment as to her ownership interest in the 43-acre parcel that she purchased at auction using funds from the farm account. The trial court denied Mary's motion for summary judgment. A partition hearing was held six weeks later. Following trial, the court determined that the 43-acre parcel is owned by Mary, Kevin, and Kenneth in equal survivorship shares, held that partition is proper, and ordered partition of the estate in favor of the three siblings.

**{¶19}** The right to partition has long been held to be essentially equitable in nature. *McCarthy v. Lippitt*, 150 Ohio App.3d 367, 2002-Ohio-6435, ¶ 22 (7th Dist.). We apply an abuse of discretion standard of review to claims for equitable relief. *Id.*, citing *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 274-275, 473 N.E.2d 798 (1984). "An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the court has acted either unreasonably, unconscionably, or arbitrarily." *McCarthy* at ¶ 22, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *McCarthy* at ¶ 22, quoting *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶20} Mary and Kevin cite to R.C. 5307.041, which states: "If partition is granted among survivorship tenants, the court shall determine the share to which each is entitled as if the tenants were tenants in common." Although tenants in common may rebut the presumption of equal ownership, Mary and Kevin did not meet their burden. *See, e.g., Thrasher v. Watts*, 2d Dist. Clark No. 2012 CA 50, 2013-Ohio-2581, ¶ 12.

{¶21} Prior to their father's death, Richard designated Mary as joint holder of the farm account. Thus, the funds in the joint account became subject to Mary's absolute claim at their father's death. *See Wright v. Bloom*, 69 Ohio St.3d 596, 635 N.E.2d 31, paragraph two of the syllabus (1994) (The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of the decedent's intention to transfer to the surviving party a survivorship interest in the remaining account balance at his or her death.) However, Mary's handling of the farm account reveals that at least some of the funds were intended to operate the original farm and to enhance and expand it if the opportunity arose.

{¶22} After their father's death, Mary, Kevin, and Kenneth utilized funds from the farm account to pay for various farm expenses and carry its operations forward. The siblings operated the farm by agreement. They sought to enlarge the farm and purchased the adjoining 43-acre parcel. The funds used to purchase the property were from the farm account.

{¶23} At the November 9, 2017 partition hearing, Kenneth testified regarding his father's wishes concerning the family farm, the prior use of the farm account to support the farm without requiring any reimbursement, and the siblings' agreed plan to purchase the additional acreage. Mary and Kevin claim that Kenneth's testimony regarding their father's wishes was based on hearsay and objected at trial. The trial court overruled the objections. Even assuming arguendo that some of Kenneth's testimony was inadmissible, any error in its admission was harmless as the record reveals that Kenneth's testimony was corroborated by Mary's actions. *See, generally, Brown v. Ralston*, 7th Dist. Belmont No. 14 BE 0051, 2016-Ohio-4916, ¶ 49.

{¶24} Mary used the farm account for farm purposes. Mary's and Kenneth's relationship later led to conflict. It was not until trial that Mary claimed for the first time

that her brothers had no ownership interest in the 43-acre parcel and that the plan in her mind was for her brothers to earn their ownership interest by farming it for her through "sweat equity." However, at the time of purchase, Mary did not tell her brothers that only she would retain ownership of the parcel. In fact, Mary put all three siblings' names on the deed after purchasing the property at auction. Thus, Mary's actions and the execution of the deed manifests that the payment of the farm expenses and the deed were intended to be a gift. *See* Black's Law Dictionary (11th ed.2019) ("gift" is defined as "[t]he voluntary transfer of property to another without compensation"); *Hippley v. Hippley*, 7th Dist. Columbiana No. 01 CO 14, 2002-Ohio-3015, ¶ 20 (the statements and the execution of the deed manifest an intent for the deed to be a gift); *Ambler v. Boone*, 7th Dist. Columbiana No. 24 Ohio C.D. 512, 516, 19 Ohio C.C. (N.S.) 281 (1914) (a completed gift is absolute and irrevocable); *Cooper v. Smith*, 155 Ohio App.3d 218, 2003-Ohio-6083, ¶ 25 (4th Dist.) (a donor is not permitted to recover or revoke a gift simply because his or her reasons for giving it have "'soured.'")

{¶25} Based on the foregoing, the trial court did not abuse its discretion in finding that Kenneth has a one-third interest in the 43-acre parcel and ordering a partition.

{¶26} Appellants' first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT APPELLEE, KENNETH A. SIMBALLA'S ELECTION TO PURCHASE THE 230 ACRES WAS MADE IN GOOD FAITH.**

{¶27} Mary and Kevin assert that because Kenneth had to finance his election to purchase the property with a loan and failed to submit any written evidence that the necessary funds were secured, his election was therefore made in bad faith.

{¶28} "Bad faith" is defined as "Dishonesty of belief, purpose, or motive." Black's Law Dictionary (11th ed.2019).

{¶29} "Bad faith cannot be assumed upon an election to take by a party in interest who is without means of his own with which to make good the obligations assumed under an election to take, where it appears that he is able to make arrangements for meeting

Case No. 18 CO 0004

the obligations through the aid of others." *Burch v. Brooks*, 24 Ohio C.D. 605, headnote two, 1909 WL 658 (Ohio Cir.Ct.1909), aff'd, 82 Ohio St. 441, 92 N.E. 1110 (1910); *Broadsword v. McClellan*, 17 Ohio Law Abs. 389, 1934 WL 1738, *3 (7th Dist.1934).

**{¶30}** As stated, the 230.84 acre farm was appraised at $720,000. Mary and Kevin elected to purchase Kenneth's one-third interest via certified checks. Kenneth elected to purchase Mary and Kevin's two-thirds interest via financing. At the November 1, 2018 partition hearing, Kenneth testified he did not have the cash available in his own account to make the election. (11/1/2018 Partition Hearing T.p. 15). However, Kenneth indicated that he arranged financing through Rusty Kiko from Kiko Auctions prior to making the election. (T.p. 15-18). Rusty Kiko testified that he had the funds available and had agreed to make a loan to Kenneth through a financial firm owned by his auction company. (T.p. 26).

**{¶31}** Based on the facts presented, this court fails to find any bad faith. Kenneth had arranged the loan to finance his election and corroborated his testimony with the testimony of his lender. In fact, when questioned by the trial court, Mary and Kevin's counsel conceded that Kenneth's election to purchase was not made in bad faith. Specifically, the following exchange took place:

> THE COURT: Okay, but let me ask you this. Let's just say for the sake of argument here that the method of your client's election is superior. They have the money. Okay? We've seen the checks. All right. So their's is superior. But does that mean that the Defendant's method is inferior to theirs, maybe it is, but *does that mean it's made in bad faith*? (Emphasis added.)

> [APPELLANTS' COUNSEL]: No, no.

(11/1/2018 Partition Hearing T.p. 47).

**{¶32}** Appellants' second assignment of error is without merit.

**CONCLUSION**

{¶33} For the foregoing reasons, Appellants' assignments of error are not well-taken.  The judgments of the Columbiana County Court of Common Pleas are affirmed.


Donofrio, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**